Sander v. Goldsmith.

———— •••• ————

CHARLES SANDER vs. RANSOM H. GOLDSMITH.

The statute with regard to replevin of goods unlawfully detained, (Gen. Statutes, tit. 4, sec. 344,) provides that if the defendant, under a general denial, relies for his defense upon the claim that he has not in fact detained the goods, he shall under such plea file a disclaimer of all right. Held that it rested in the discretion of the court to determine when a disclaimer should be filed and that there was no error in allowing it to be done after a general denial had been filed and the evidence was all in.

And held that the filing of the disclaimer removed the error of having previously received evidence that was inadmissible by reason of there being no disclaimer.

REPLEVIN for goods unlawfully detained; brought to the Court of Common Pleas of New Haven County, and tried to the court before *Peck, J.* Facts found and judgment rendered for the defendant. Motion for a new trial by the plaintiff. The case is fully stated in the opinion. *

*Newton,* in support of the motion.

*Blydenburgh,* contra.

FOSTER, J. From the facts disclosed in this motion it is difficult to discover why this action was ever brought.

The plaintiff claimed title to the property replevied by virtue of a mortgage, executed and delivered to him by one William S. Alexander, who was the owner of it, to secure the payment of certain notes of hand, given by him to the plaintiff. Said property was subsequently removed into rooms in a building belonging to the defendant, which were rented to said Alexander and one Hilf, his partner, who occupied them for carrying on the business of printing. At length they absconded, ceasing to pay rent, and leaving said property on the premises. The defendant then requested and demanded of the plaintiff that he should remove said property, and the plaintiff denied that he should be charged with the custody of the same, and disclaimed the right to

---

* The 344th section of the act with regard to civil actions, referred to in the opinion, and which regulates the matter of pleading in replevin for goods unlawfully detained, is as follows :

The defendant may make a general denial of the allegations of the plaintiff's declaration, or plead any special matter of defense; but if, under such general denial, he shall rely for his defense upon the claim that he has not in fact detained the property, he shall under such plea disclaim all right to the property, in which case a judgment of return shall not be rendered, although judgment shall in other respects be rendered for the defendant. If the defendant shall make such denial, the plaintiff, except in the case of such disclaimer, shall prove his title to the goods, or his right to the possession of the same; and on his failure to make such proof to the satisfaction of the court, or the jury, as the case may be, or if he shall be nonsuited, or shall in any form decline to proceed with his suit, a judgment shall be rendered for the defendant, for a return of the goods, and for such damages as the court or jury, as the case may be, shall award for the taking of the goods by the replevin.

the possession. The defendant afterwards removed said property from the rooms in which it was left, and stored it in another room on the premises. He again requested the plaintiff to remove the property, threatening, if he did not, to put it in the street. The plaintiff requested the defendant to continue to store it, and offered to pay the plaintiff a specific sum per month if he would do so, which offer the defendant did not accept. On one occasion the plaintiff suggested that he should sue Alexander & Hilf for rent due him and attach this property in the suit. Without making any demand for it, without ever offering to take it into his possession, and without any notice to the defendant, the plaintiff sued out and had served on the defendant this writ of replevin.

To charge the defendant, under these circumstances, with unlawfully detaining this property, seems little less than ridiculous.

In the court below, a hearing of the cause was had on a general denial by the defendant of the facts set forth in the declaration. When the defendant offered evidence to prove the facts above found true by the court, the plaintiff objected, on the ground that it was not admissible under the general issue, without a disclaimer of all right to the property. The court overruled the objection, and admitted the evidence. After the trial and argument, the defendant moved to file a disclaimer of all right to the property, according to the provisions of section 344, p. 79, of our statutes. To this the plaintiff objected, but the court allowed it without the payment of cost.

Whether or not the evidence offered by the defendant was admissible before the disclaimer was filed, it is not important to decide, for if it was not admissible before that, it certainly would be after. True, it does not appear that the evidence was again offered; nor does it appear that the plaintiff suggested any objection to having the court consider the testimony already heard, as applicable to the pleadings as amended. Permitting the defendant to file the disclaimer was a matter clearly within the discretion of the court, and

that being done, little was left to be decided but the question of costs ; also clearly within the like discretion. It has been decided too often to require repetition, that under such circumstances there can be no foundation for a writ of error, and no grounds for a new trial.

We think therefore that there is nothing erroneous in the judgment below, and that the motion for a new trial should be denied.

In this opinion the other judges concurred.