JOHN R. MCNAMARA *vs.* ERASTUS D. LYON.

Second Judicial District, Norwich, May Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A judgment in an action of replevin tried upon the general issue, necessarily determines the question of the plaintiff's right to the immediate possession of the property replevied.

Section 1330 of the General Statutes relating to replevin, provides that if a defendant, under a plea of the general issue, intends to deny that he detained the property, he must file with his plea a notice that he disclaims all right thereto. *Held* that unless such disclaimer was filed with the general denial, the defendant could not contest the fact of wrongful detention, nor oblige the plaintiff to prove it.

[Argued May 27th—decided July 13th, 1897.]

ACTION of replevin to recover the possession of a horse, brought before a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas for New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Charles F. Thayer*, for the appellant (defendant).

The action of replevin is founded in tort. Wells on Replevin, § 46; *Mead* v. *Johnson*, 54 Conn. 317. Under the general issue the plaintiff was bound to establish three things: (1) That he had either a general or special property in the horse; (2) that he was entitled to the immediate possession of the horse at the time the writ issued; (3) that the defendant detained the horse wrongfully. Gen. Stats. §§ 1323–1333.

The first is found as a fact.   The second, and chief question
at issue, is not found as a fact, and no facts are found from
which it follows as a conclusion of law.   The third is found
(*a*) as a conclusion of law from the facts ; and (*b*) because
" the defendant upon the general issue did not file therewith
a notice of disclaimer."   The fact that the evidence convinced
the trial court of the plaintiff's ownership, is not sufficient
to justify the judgment ; for one person may own a thing
while another is entitled to its possession.   *Huntington* v.
*Sherman,* 60 Conn. 463 ;  Wells on Replevin, § 102.   Whether
the horse was wrongfully detained and the plaintiff entitled
to its immediate possession, is a conclusion of law.   If the
facts found do not warrant the conclusion, the judgment is
clearly erroneous.   *Bosworth* v. *Trowbridge,* 45 Conn. 164.
Ownership must be accompanied by the right to the posses-
sion under the present statute ; proof of ownership alone is
not sufficient.   *Spencer* v. *Roberts,* 42 Conn. 75.   This right
to the possession must be proved under the general issue
without notice of disclaimer, and is not to be inferred from
the fact of ownership.   Gen. Stat. § 1333.   The court erred
also, in ruling that upon the facts found there was a wrong-
ful detention.   No person who innocently comes into the
possession of property to which another is entitled to the
possession, can be held a wrong-doer until he has refused
upon demand to restore the property to the claimant.   It
was also error to hold the defendant guilty of wrong doing,
on the ground that he failed to file a disclaimer.   Section 1330
of the General Statutes is misleading, and apparently misled
the trial judge.   Properly construed this statute means that
a disclaimer must be filed when the defendant intends to
*rely for his defense upon the claim that he has not in fact de-
tained the property.*   This was the language of the statute as
originally enacted.   Pub. Acts, 1863, p. 45 ; Rev. Stat. 1866,
p. 79, § 344.

*J. J. Desmond,* for the appellee (plaintiff).

The action of replevin in this State is purely a statutory
remedy.   *Belknap Savings Bank* v. *Robinson,* 66 Conn. 542,

and cases cited. In the case at bar it was proved that the defendant was not only in possession of the horse replevied, but that he was using it and working it for some time prior to the replevy, without the consent of the plaintiff who was found to be the owner of the animal; and from these facts the trial court found that there was wrongful detention on the defendant's part; and this was sufficient. *Belknap Savings Bank* v. *Robinson, supra; Brown* v. *Poland,* 54 Conn. 313, 316; *Brown* v. *Fitch,* 43 id. 512. Under the pleadings the questions of title and right of possession were in issue; but that of demand and refusal in nowise involved. *Kavanagh* v. *Phelps,* 36 Conn. 115. No demand need be alleged or proved where the holder of the property claims title thereto, or where the defendant sets up title in himself, or has continued to exercise dominion over the property. *Redding* v. *Page,* 52 Iowa, 406; *Newell* v. *Newell,* 34 Miss. 385; *Lewis* v. *Masters,* 8 Blackf. (Ind.) 244; *Henry* v. *Fine,* 23 Ark. 417. The pleadings involved the questions of title, right of immediate possession and wrongful detention; and these issues were all found in favor of the plaintiff. These are questions of fact, and not reviewable here. The only judgment that the trial court could render, under the pleadings on file, in favor of the defendant, would be that the plaintiff return the property replevied to the defendant, and pay him his costs. But the horse was the property of the plaintiff; he was entitled to the immediate possession thereof; he had never given the defendant, or any one else, any title to it, or any right to possess or to use it; the defendant was, at the time of the replevy, using it as his own; and, hence, such a judgment would not only be manifestly unjust, but plainly absurd.

TORRANCE, J. This is an action of replevin in the statutory form, for a horse. The answer was a general denial, without disclaimer. The issues were found for the plaintiff and judgment was rendered in his favor. The court also found the following facts:—

Before and at the time the action was commenced the

plaintiff was the owner of the horse. He never disposed of it nor gave any one authority to dispose of it, and the possession of the defendant was without the plaintiff's consent, and without his knowledge until within a few days before the action was commenced. The defendant purchased the horse in good faith and for value, from one Lathrop, about two weeks before the action was commenced. From the time of such purchase till it was replevied in this suit the horse was in the exclusive possession of the defendant, and worked in his team. It did not appear in any way how Lathrop obtained possession of the horse, nor how the plaintiff lost possession of it. No demand was made upon the defendant by the plaintiff for the delivery of the horse before the service of the writ. Upon the trial the defendant asked the court to rule that " a demand upon the defendant by the plaintiff was necessary as a foundation for the writ, under the circumstances of this case, and that it being proved that no demand was made, the defendant did not as matter of law detain the horse.

" The court, upon the foregoing facts, and for the additional reason that the defendant upon the general issue did not file therewith a notice of disclaimer, found that the defendant wrongfully detained said horse, without proof of demand and refusal."

This ruling presents the only question arising upon this appeal; but inasmuch as the defendant also claims that the court erred in holding that the plaintiff was entitled to the immediate possession of the horse, it may be well to dispose of that claim first.

The statute (General Statutes, § 1323) provides that the action of replevin may be maintained to recover any goods or chattels " in which the plaintiff has a general or special property, with a right to their immediate possession, and which are wrongfully detained from him in any manner." The court found that the plaintiff was the owner of the horse, but in the finding of facts has not expressly found that he was entitled to its immediate possession; and one of the

errors assigned is this: that the court erred, upon the facts found, in deciding as matter of law that the plaintiff was entitled to the immediate possession of the horse. There is no foundation for this claim. No such claim was made in the court below. The only claim there made was the one before stated, relative to the wrongful detention. Moreover, the question whether the plaintiff was entitled to the immediate possession of the horse was one of the matters in issue and is expressly found for the plaintiff. This is equivalent to an express finding that he was so entitled; *Kavanagh* v. *Phelps*, 36 Conn. 111, 115; *Brown* v. *Poland*, 54 id. 313, 316; and the record does not show, nor suggest even, that in reaching that conclusion the court committed any error whatever.

The only question in the case, then, is the one arising upon the ruling complained of. The ruling was based upon two grounds: (1) because upon the facts found no prior demand was necessary; (2) because the defendant had not filed a disclaimer under the statute, and if the ruling is sustainable on either ground the judgment must stand. We are of opinion that it is sustainable on the second ground. Prior to the Revision of 1874, the statute (General Statutes, 1866, p. 79, § 344) relating to replevin, provided as follows: "The defendant may make a general denial of the allegations of the plaintiff's declaration, or plead any special matter of defense; but if, under such general denial, he shall rely for his defense upon the claim that he has not in fact detained the property, he shall, under such plea, disclaim all right to the property, in which case a judgment of return shall not be rendered, although judgment shall in other respects be rendered for the defendant." In the Revision of 1875 (p. 486, § 6) the phraseology of this provision was changed to read as follows: "The defendant may plead the general issue, with or without notice, as may be necessary, or any special plea, or make an avowry of a taking for lawful cause of the goods and chattels replevied; but if, under a plea of the general issue, he intends to deny that he detained the same, he shall file with his plea a notice that he disclaims all right to the property; in which case, if final judgment shall be ren-

dered in his favor, he shall not be entitled to any judgment of return." This is the precise form in which this provision now appears, as § 1330 of the present General Statutes; and we do not think the change in phraseology was intended to or did work any change in the law upon this point. *West-field Cemetery Asso.* v. *Danielson*, 62 Conn. 319. The question presented upon the record relates to the construction of this part of the statute regulating the action of replevin, and we are of opinion that it expressly limits the scope and effect of a general denial in this form of action, when filed without a disclaimer.

The declaration in an action of replevin sets forth three facts: (1) that the plaintiff has a general or special property in the chattels therein described; (2) that he is entitled to their immediate possession; (3) their wrongful detention by the defendant. To such a declaration the defendant is permitted to file a general denial. Under such a denial, but for the other provisions of the statute, the fact of wrongful detention would be put in issue; but the statute says, in effect, to the defendant, if you intend, under the general denial, to deny that you detained the chattels at all, you must file a disclaimer; and unless you file such disclaimer you will not be permitted to contest the fact of wrongful detention, nor will the plaintiff be obliged to prove it. In other words, the statute makes the filing of a disclaimer a condition precedent to the right of the defendant, under a general denial, to claim or offer evidence to prove that he did not wrongfully detain the chattels described in the declaration. The statute thus expressly limits the scope and effect of such a denial when filed without a disclaimer, by excluding from the issues formed by it, and to be tried under it, the fact of wrongful detention.

We are not aware that this precise question has ever been heretofore considered or decided by this court, but in *Kavanagh* v. *Phelps*, 36 Conn. 111, this view of the law seems to have been taken for granted. In that case the plea was a general denial without disclaimer, and the court said: "The plaintiff under that plea, unless there was a disclaimer of all

right to the property by the defendant, was bound to prove his title to the property or a right of possession. The defendant did not so disclaim or deny the detention, but on the contrary admitted it, and claimed and offered evidence to prove a title in Phelps, derived from Hart & Townsend. The only question then involved in the issue . . . was a question either of title, or of right of possession in the plaintiff." In that case, as here, the court found that no demand prior to the suit had been made upon the defendant, but this court said "the question of demand was not necessarily within the issue presented by the record." In *Sander* v. *Goldsmith*, 41 Conn. 578, 580, the defendant having filed a general denial without disclaimer, offered evidence upon the question of wrongful detention. This was objected to on the ground that it was not admissible under the general issue without a disclaimer. The trial court admitted the evidence, and after the trial and argument the defendant, by permission of the court, filed a disclaimer. This court said: "Whether or not the evidence offered by the defendant was admissible before the disclaimer was filed, it is not important to decide, for if it was not admissible before, it certainly would be after." On the whole we think the ruling of the court below complained of in the case at bar, was correct, upon the ground that as the defendant had not filed a disclaimer the question of demand was not in issue; and this renders it unnecessary to consider or decide whether it is also sustainable on the other ground mentioned by the trial court.

There is no error.

In this opinion the other judges concurred.