CHARLES W. SMITH v. JOSEPH J. DODGE.

*Replevin before a Justice—Affidavit for Writ—Oral Pleadings—Form of Verdict—Return need not be awarded if Plaintiff has Possession.*

The affidavit for a writ of replevin alleged that defendant had the property in his possession "unlawfully from the possession" of the plaintiff. *Held,* that the omission of the word "detained" after "unlawfully" was not a fatal defect.

Oral pleadings are admissible in replevin before a justice.

Where the pleadings before a justice are oral, only matters of substance are regarded, and judgment should not be reversed for objections not made at the trial.

Return need not be awarded in replevin where the property has been delivered under the writ to the plaintiff.

Unless the facts in a replevin suit before a justice require a special finding, a verdict that "this jury finds for the plaintiff" is sufficient, and judgment must be entered on it.

Error to Cass. Submitted Oct. 5. Decided Oct. 16.

REPLEVIN. The facts are in the opinion.

*Merritt A. Thompson* (on brief) for plaintiff in error. A justice has no jurisdiction to issue a writ of replevin or hear the suit until an affidavit containing all the statutory requisites has been made and filed with him (*Phenix v. Clark,* 2 Mich., 327; *Elliott v. Whitmore,* 5 Mich., 537; *Henderson v. Desborough,* 28 Mich., 170) and pleading over does not waive the want of jurisdiction. *Woodruff v. Ives,* 34 Mich., 320; *Exp. Stephenson,* 32 Mich., 60. A declaration in replevin that does not answer the statutory requisites with regard to time, place and value, and the unlawful detention of the property is bad. Comp. L., § 6750. *Trudo v. Anderson,* 10 Mich., 370; *Bond v. Mitchell,* 3 Barb., 304; *Pattison v. Adams,* 7 Hill, 126. A declaration insufficient in substance cannot be cured by the plea. *Pelton v. Ward,* 3 Cai., 73; *Stoflet v. Marker,* 34 Mich., 313.

*Howell & Carr* (on brief) for defendant in error. The

omission of the word "detained" from an affidavit for a writ of replevin, is not fatal if the meaning is fully conveyed by the context (*Le Roy v. East Saginaw*, 18 Mich., 233), but the defect, if any, is waived by joining issue without moving to quash. *Burson v. Huntington*, 21 Mich., 415; *Tower v. Lamb*, 6 Mich., 362; *Shaw v. Moser*, 3 Mich., 71; *Stewart v. Hill*, 1 Mich., 265; *Falkner v. Beers*, 2 Doug. (Mich.), 117. A question that is not raised in the circuit court cannot be raised in the Supreme. *Pardee v. Smith*, 27 Mich., 33; *D., H. & I. R. R. Co. v. Forbes*, 30 Mich., 165. An oral declaration in replevin not having been objected to before the justice who first tried the suit, cannot be objected to in later stages. *Daniels v. Clegg*, 28 Mich., 32; *Hurtford v. Holmes*, 3 Mich., 464; *Kinyon v. Fowler*, 10 Mich., 16; *Stange v. Clemens*, 17 Mich., 402; *Groff v. Griswold*, 1 Den., 432; *Krueger v. Pierce*, 37 Wis., 269. Where pleadings before a justice are oral, they are seldom questioned even by demurrer, if intelligible. *Stolp v. Van Cortland*, 3 Wend., 492; *Civill v. Wright*, 13 Wend., 403; *Young v. Rummell*, 5 Hill, 60; *Wilbur v. Taber*, 9 Gray, 361; *Bowditch v. Salisbury*, 9 Johns., 366; *Hebberd v. Delaplaine*, 3 Hill, 187; *Petrie v. Woodworth*, 3 Cai., 219; *Keyser v. Shafer*, 2 Cow., 437; *Cronise v. Carghill*, 4 Cal., 120; *Meyer v. Town, etc.*, 9 Wis., 233; *Swineford v. Pomeroy*, 16 Wis., 553; *Dehnel v. Komrow*, 37 Wis., 336; Comp. L., Ch. 190.

CAMPBELL, J. This is a case where complaint is made of the affirmance on *certiorari* of a justice's judgment in replevin. Alexander L. Thorp, a justice of Cass county, issued a writ on the affidavit of Dodge, for a horse of the value of one hundred dollars. The affidavit described the horse, and alleged that Smith had him in his possession "unlawfully from the possession of said Joseph J. Dodge, at the township of Calvin, in said county of Cass, by Charles W. Smith, and that said Joseph J. Dodge is now lawfully entitled to the possession of said goods and chattels." The remainder of the affidavit is not criticised.

Under this writ the property was taken and delivered to the plaintiff. On the return day the parties appeared, and the plaintiff declared verbally "in replevin for the property described in said writ." The defendant pleaded the general issue, and the court proceeded to hear the cause. Just as it was about opening, the defendant desired to see the affidavit, which had been accidentally enclosed in another paper and could not at the time be found. He thereupon moved to dismiss the case for that reason. This motion was denied, and the hearing proceeded; and after all the witnesses were heard and the cause was submitted, the justice, as stated in his return, "did forthwith render judgment in favor of the plaintiff Joseph J. Dodge, and against the defendant, for the sum of one cent damages and nine dollars and thirty cents costs of said suit."

The grounds set up for reversing the judgment were: 1. the refusal of the justice to dismiss the case; 2. insufficiency of the declaration; and 3. error in the judgment in granting damages when none were alleged, and in granting costs when there was no judgment touching the property. The circuit court affirmed the judgment.

Inasmuch as the parties had gone to an issue on pleadings, it is questionable whether it was not too late to object to the affidavit. But while the word "detained" is omitted, the affidavit makes allegations which are legally equivalent. To say that a man has property in his possession unlawfully, to which another is entitled, means about the same thing as to say it is detained. We do not think the affidavit fatally defective.

The declaration indicated precisely what the plaintiff desired to put in issue. If defendant had demurred it would have been a matter of course to allow its amendment. By pleading the general issue he indicated a willingness to go to trial upon the merits, and the case was fully tried in that way. There is nothing in the statute to prevent oral pleadings in replevin before a justice, and where they are resorted to nothing is looked to but matters of substance. If the

issue made is intelligible, and a trial is had under it without objection, it would not be proper thereafter to reverse a judgment for objections not made before the justice.

The objections to the judgment itself are frivolous. It only covers nominal damages, and no return need be awarded where the property has been delivered under the writ to the plaintiff. It was held in *Lamberton v. Foote,* 1 Doug. (Mich.), 102, that a verdict that "this jury find for the plaintiff" is a sufficient verdict in replevin, where no special facts required any peculiar finding, and that a justice was bound to enter judgment on it. That case is in point to sustain the justice's judgment in the present cause.

The circuit court acted properly in refusing to disturb the judgment of the justice.

The judgment below must be affirmed with costs.

The other Justices concurred.