## LAWRENCE P. EDDY v. JOHN MANSHAUN.

*Pleading in justices' courts—Entry of defense on docket—Amendments.*

A plea in a justice's court is sufficient if it fully apprises the plaintiff as to what the defense is.

The requirement that in cases tried before a justice, the plea shall be the general issue in all cases, with notice of any special defense, is mere matter of form and will not invalidate a special defense pleaded alone.

A justice should enter an oral defense on his docket, unless it is imperfect in substance, but his failure to do so will not deprive the defendant of his defense. If it is imperfect the defendant should be allowed to amend.

Case made from Kent. Submitted and decided Jan. 21.

ASSUMPSIT. Plaintiff had judgment below.

*Taylor & Eddy* for plaintiff. The rule favoring a liberal construction of pleadings in a justice's court does not extend to cases where the sufficiency of the plea is questioned and passed upon by the justice, and irregularities are not waived, *Barber v. Taylor*, 1 Mich., 352.

*Grove & Harris* for defendant. The object of pleading is to apprise opponents of the nature of the action or defense, *Daniels v. Clegg*, 28 Mich., 46; the presumption is in favor of the plea, *Deitz v. Groesbeck*, 32 Mich., 304.

PER CURIAM. This is an action upon a promissory note, which appeared to have been given and become due more than six years before suit was commenced. It was begun in justice's court. The plaintiff declared on the note, and defendant pleaded orally as follows: "Defendant pleads limitation of statute, that the cause of action did not accrue within six years preceding the commencement of suit." The justice held this pleading insufficient to admit the evidence, and the circuit court, on appeal, held the same way.

Both courts were in error. The pleading fully apprised the plaintiff what the defendant's defense was, and that is enough for justice's court. *Hurtford v. Holmes*, 3 Mich., 460; *Comstock v. Howd*, 15 Mich., 237; *Smith v. Dodge*, 37 Mich., 354.

The objection to. the pleading seems to have been that the statute requires a general issue in all cases, with notice of any special defense, while in this case the special defense was pleaded alone. But this is mere matter of form. When the defendant notifies the justice orally what his defense is, the justice · ought to put it on his docket in due form, but if he fails to do so the defendant is not to be deprived of his defense thereby. If the pleading were imperfect in substance it would be different, but even then defendant ought to be allowed to amend, and that privilege was denied in this case.

Judgment reversed, and new trial ordered.