## HORMANN v. SHERIN.

1. A failure to offer evidence in support of an averment essential to a recovery entitles a defendant to a directed verdict, but a verdict should not be directed against a plaintiff, at the close of his case, when the facts and circumstances before the jury fairly tend to prove the allegations of his complaint.

2. An agent authorized to merely collect the amount of a promissory note, and turn the proceeds over to his principal, took from the debtor, in full settlement of the note, certain horses described in a chattel mortgage by which said note was secured; and his principal ratified the transaction, and demanded the possession of the horses, which was refused. *Held*, in a suit between the principal and agent, that the horses were the property of the principal, and that an action in claim and delivery would lie to recover their possession.

3. Where the evidence fully sustains allegations of ownership, right to immediate possession and wrongful detention of personal property, a verdict, to which no objection was made when returned, that finds for the plaintiff upon all the issues, and that plaintiff is entitled to the immediate possession of the identical property described in the complaint, the value of which is therein specified, is sufficient to support a judgment for plaintiff accordingly entered.

(Syllabus by the Court. Opinion filed Oct. 5, 1894.)

Appeal from circuit court, Marshall county. Hon. A. W. CAMPBELL, Judge.

Action in claim and delivery to recover the possession of certain horses. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. Sherin,* (*F. E. Campbell* and *J. H. Hauser*, of counsel) for appellant.

A new trial may be granted for erroneous instructions, although the verdict may appear proper on its face. Wardell v. Hughes, 3 Wend. 418; 16 Am and Eng. Ency. Law 508. If the instructions tend to mislead a jury a new trial should be ordered. Benhard v. Cary, 11 Wend. 83; Fairfield v. Rogers, 32 Minn. 269; Warner v. Beebe, 47 Mich. 435. If the verdict is based upon an erroneous instruction a new trial will be granted. Evans v. St. Paul, 63 Ia. 204. An instruction which assumes the existence of disputed facts is erroneous. Duffield v. Delaney, 36 Ill. 258; Farmer v. Childs, 66 Ill. 544; Jackson v. Graham, 57 Ill. 94; Doyhl v. Stevens, 4 Mich. 87. When the court instructed the jury under a misapprehension as to a material fact, a new trial should be allowed. State v. Richards, 72 Ia. 17; 16 Am. Ency. Law, 510. When an instruction presents to the jury a question not in issue it has a tendency to mislead the jury and is good ground for a new trial. Smith v. Evans, 14 N. W. 406.

*Bryon Abbott,  T.  B.  McDonough* and *J.  H.  McCoy*, for respondent.

The presumption is that there was sufficient evidence received by the jury to sustain their verdict. Cole v. Cady, 2 Dak. 29; State v. Brenan, 50 N. W. 625; White v. Pine, 10 Pac. 215; Riberado v. Suang, 6 Pac. 125; Kendall v. Waters, 8 Pac. 510; Allen v. Boyd, 3 Pac. 523; Black v. Black, 2 Pac. 317; Vaughn v. Stone, 2 N. W. 973; Boyle v. Mallett, 25 N. W. 757; Hall v. Harris, 16 N. W. 535.

When there is a substantial conflict of evidence the findings of the jury should stand. Baker v. Baker, 49 N. W. 1064; Franz Fack Brewing Co. v. Melenz, 37 N. W. 728; Cannon v. Denning, 53 N. W. 863; Pielke v. Railroad, 43 N. W. 814. An error not excepted to will not be reviewed. DeLendiecie v. Peck, 48 N. W. 342.

A principal ratifying the acts of her agent in taking property in settlement of a debt, is entitled to possession of the property or its proceeds. Comp. Laws, § 3765; Dresser v. Wood, 15 Kan. 344; Watertown v. Palmer, 10 S. E. 969; Yerkes v. Crum, 49 N. W. 422; Cunningham v. Jones, 15 Pac. 572. Demand for the property is unnecessary. Myrick v. Bill, 3 Dak. 283; Smith v. McLean, 24 Ia. 322; Redding v. Page, 52 Ia. 406; Newell v. Newell 34 Miss. 385; Oneil v. Bailey, 68 Me. 429. The verdict being substantially in the proper form should stand. Gaines v. White, 1 S. D. 434. 47 N. W. 524.

FULLER, J. Upon a claim of ownership and wrongful detention, plaintiff based her right to the immediate possession of certain horses described in her complaint, which is in the usual form, and states a cause of action in claim and delivery. Upon the issues raised by a general denial the case was tried to a jury and a verdict was returned for the plaintiff, as follows: "We, the jury duly impaneled in the above-entitled action, find for the plaintiff upon all the issues, that the plaintiff is entitled to the immediate possession of the horses covered by the Curtis mortgage, and that the value of said Curtis horses is sixty-five dollars,—$65. C. B. Stout, Foreman." From a judgment entered thereon, and from an order overruling a motion for a new trial, defendant appeals. Several reasons are given for a reversal of the judgment, and each will receive due consideration; but the case is controlled by a few facts and principles, which can best be stated and applied without attempting to discuss in detail all the alleged er-

rors assigned and urged in appellant's brief. From a cursory inspection of the abstract submitted by appellant, it clearly appears that all the evidence offered on the trial is not before us; but, as respondent has filed an amended abstract containing none of the evidence, we conclude that both parties are content to rely, so far as the facts are involved, upon the evidence presented, and we will accordingly determine the case upon the record as we find it.

That defendant, in the year 1889, and during a portion of the year 1890, as the agent of plaintiff, loaned certain money belonging to her to various persons, including the witness G. W. Curtis, to whom he thus loaned $45, taking his promissory note therefor secured by a mortgage upon two of the horses described in the complaint, and that he subsequently entered into an agreement with Mr. Curtis, by which the note was canceled, and the horses described in the mortgage were turned over to the defendant in full settlement of the amount of said note and interest, are among the undisputed facts shown by the record, and constitute the basis for plaintiff's claim of ownership, right to immediate possession, and allegations of wrongful detention of the property described in the mortgage, and thus turned over to the defendant. The insufficiency of the evidence to justify the verdict is one of the principal grounds urged in support of appelllant's contention that the judgment should be reversed. That defendant, as the agent of plaintiff, loaned $45 of her money to Mr. Curtis, and took a note payable to his wife, secured by chattel mortgage on the horses mentioned in the verdict, and immediately secured the blank indorsement of his wife upon said note, and delivered the same to the plaintiff, who afterward returned it to defendant for collection, clearly appears, and stands uncontradicted upon the record, and that the evidence shows that the horses were worth $65 appears also to be conceded. Plaintiff and her husband both testified upon the trial that defendant has never accounted to either of them for any part of the Curtis note,

either by paying the money, or by delivering to her the horses taken from Mr. Curtis in full settlement of the claim; and H. W. Hormann testified that he had, prior the commencement of this suit, as the agent of his wife, the plaintiff, and in company with one Mr. McDonough, demanded the possession of horses described in the Curtis mortgage, which were thus delivered to defendant, and then in his possession, and that defendant said that plaintiff had no mortgage on said horses, and declined to turn them over as requested. Defendant testified in effect that while the note was in his hands for collection, and after it became due, plaintiff's husband frequently called upon him for the money; and knowing that Mr. Curtis was unable to pay promptly, and believing that he could ultimately secure a satisfactory settlement, he paid plaintiff the entire amount of the note and interest, and the horses taken from Mr. Curtis were therefore the property of his wife, who had indorsed the note, and for the protection of whom he had purchased the same from plaintiff. Defendant further testified that plaintiff had demanded the note, or the money claimed to be due thereon, but he had no recollection of any demand being made for the horses. Mr Hormann testified in rebuttal that defendant never bought the note, and never paid anything thereon, and the case was submitted to the jury under the instruction of the court.

It appears that appellant moved the court to direct a verdict for defendant at the close of plaintiff's testimony, and the denial of said motion is assigned as error. That a failure to offer evidence upon material averments essential to plaintiff's right to recover entitles a defendant to a directed verdict, upon application duly made, is so well settled that discussion and the citation of supporting authorities is deemed unnecessary; and it is equally well settled in this jurisdiction that a verdict should not be directed against a plaintiff whose evidence tends to show a right of recovery, and is in such condition that a jury may properly find, upon such evidence, a verdict for the

plaintiff. Bates v. Railroad Co. (S. D.) 57 N. W. 72; Willliams v. Railroad Co., 3 Dak. 168, 14 N. W. 97; Mares v. Railroad Co., 3 Dak. 336, 21 N. W. 5. The wrongful detention of personal property is the gist of an action in claim and delivery, and depends, in this case, upon the question of ownership and right to immediate possession. There was evidence tending to prove that defendant, while acting as the agent of plaintiff for the collection of the Curtis note, of which she was the owner, entered into an agreement with Mr. Curtis by which the note was canceled and turned over to the maker, and the horses described in the complaint, and a chattel mortgage given to secure the payment of said note, were turned over to the defendant in full settlement and satisfaction of the amount due plaintiff from Mr. Curtis, and although said horses, valued at $65 were in the possession of the defendant at the commencement of this action, he refused on demand to surrender said property or any part thereof, to the plaintiff; and we conclude that the motion for a verdict in favor of the defendant, made at the close of plaintiff's case, was properly denied, and without hesitation hold that the case was finally submitted to the jury under proper instructions as to the law governing a consideration of all the evidence offered and received upon the trial.

While an agent authorized merely to collect the amount due upon a promissory note, and turn the proceeds over to his principal, cannot bind such principal by an agreement to take horses or other property in satisfaction of the note, his principal may ratify the transaction by accepting the property for the note, and thus relieve the debtor from further liability. To allow an agent to obtain property under such circumstances, and withhold it from his principal, would do violence to the relation of principal and agent, which requires the utmost good faith in all transactions. If plaintiff's note was exchanged for horses upon which she had a mortgage, and she was willing to take the horses in

settlement for the note, the acts of her agent in making the settlement became her acts, and the horses so received became her property, and replevin will lie to recover the possession thereof. Mechen, Ag. 375; Williams v. Johnson, 92 N. C. 532; Williams v. Porter, 41 Wis. 422.

Although the objection was not raised in the court below, counsel for appellant contend that the verdict fails to respond to the issues raised by the pleadings, and that the judgment does not conform thereto. Had the attention of the court been called to the matter at the coming in of the jury, the irregularity, if deemed material, might have been reformed; but as this was not done, and the jury found for the plaintiff upon all the issues, and that plaintiff was entitled to the immediate possession of the identical property described in the complaint as the property of plaintiff, the value of which was found to be $65, we are disposed to regard the verdict sufficient. Arthur v. Wallace, 8 Kan; 267; Ingle v. Mudd, 86 Mo. 217; Smith v. Dodge, 37 Mich. 354; Coit v. Waples, 1 Minn. 134 (Gil. 110); Anderson v. O'Laughlin, 1 Mont. 81; Williams v. Porter, supra.

Plaintiff alleges ownership, right to immediate possesion, and wrongful detention by the defendant, and all the issues were found in plaintiff's favor. The verdict is consistent with the allegations of the complaint, and supports the judgment entered thereon. Defendant makes no claim that he was prejudiced by the failure of the verdict to recite, in express words, that plaintiff was the owner of the property, and that the same was wrongfully detained by appellant, and his contention seems to be without merit. On the question of ownership, based upon the claim that defendant paid the note, there is a substantial conflict in the evidence, which was found, when weighed by the jury, to predominate in plaintiff's favor, and, governed by a rule of practice often announced, the verdict will not be disturbed by this court. The judgment is affirmed.