TOWNE v. LIEDLE *et al.*

1. Complaint to recover specific personal property, alleging that defendants took and wrongfully detain from plaintiff specified articles of personal property belonging to plaintiff, of a certain value, in which plaintiff claims the property, and right to immediate possession, and that plain-

tiff demanded the return of the property, states facts sufficient to constitute a cause of action.

2. In support of a judgment, the abstract not purporting to contain all the evidence, it will be presumed plaintiff properly claimed his exemptions.

3. In support of rulings of the circuit court on introduction of docket and execution of a justice of the peace, it will be presumed, in the absence of the record of the justice court, that it did not show authority for the unusual recitals in the execution.

4. Where action is to recover specific personal property, or the value thereof if return cannot be had, and the court directs verdict for plaintiff for such sum as the jury find to be a reasonable value of the property, a verdict finding for plaintiff, and assessing his "damages" at a certain sum, will, in the absence of objection therto, support a proper judgment.

(Opinion filed Feb. 2, 1898.)

Appeal from circuit court, McPherson county.   Hon. LORING E. GAFFY, Judge.

Claim and delivery.   Plaintiff had judgment against defendant Leidle, who appeals.   Affirmed.

The facts are stated in the opinion.

*James M. Brown,* for appellant.

*L. T. Boucher,* for respondent.

HANEY, J.   This is an action for the recovery of specific personal property.   It is alleged in the complaint:  "That defendants, on or about the 23d day of April, in the year 1895, in the county of McPherson, took and wrongfully detain from plaintiff the following articles of personal property belonging to plaintiff, of the value of seventy-nine dollars, namely:   One white cow, 6 years old; one black steer, 2 years old; one red and white steer, 2 years old; one gray heifer, 2 years old—in which said plaintiff claims the property and right to immediate possession.   That on said 23d day of April, 1895, plaintiff demanded the return of said property, but his demand was refused."   Upon the trial the court properly overruled defendant's objection to the introduction of any evidence, on the ground that the complaint does not state facts sufficient to con-

stitute a cause of action.    Defendant Liedle, in a separate answer, attempts to justify his taking and detention of the property under an execution from a justice of the peace court, issued on a judgment in favor of defendant Bach and against the plaintiff herein.    Defendant Bach's answer is a general denial. As to him the action was dismissed.    It seems the property was first attached in the action in justice court, and subsequently levied upon under an execution.    The abstract does not purport to contain all the evidence, and this court must presume the plaintiff properly claimed his exemptions.    Two pages of the justice's docket were offered in evidence, showing proceedings had in the case of Bach against Towne, and the judgment as entered by that court, in which the court finds for the plaintiff and against the defendant for $88.20 and costs, and also finds that defendant Towne had disposed of a large portion of his property, and was about to remove from the state, for the purpose of defrauding his creditors, and orders that an execution issue against the property held by the sheriff under levy of attachment in the case.    Counsel for defendants stated that this evidence was introduced "for the purpose of sustaining the plea of justification made by this officer, the defendant in this action, and showing that the question of exemption has been fully settled and determined in that court by a judgment of that court after the introduction of evidence, and that the execution from that court directed the sale of the specific property levied upon; that that judgment has not been appealed from and cannot be attacked collaterally, and is conclusive evidence in defense of this action."    Plaintiff objected to that portion which finds that defendant was about to remove from the state.    The objection was overruled, and the judgment received for the purpose of showing that defendant Liedle acted as an officer in taking the property, and for no other purpose. The execution contains the following:    "These are therefore to command you in the name of the state of South Dakota to make the said sums due on said judgment as aforesaid, with interest

thereon, and to satisfy said judgment out of the personal prop-
erty of the said judgment debtor, Alvah L. Towne, and that
you subject thereto the property now held by you under levy
of attachment, and that the court finds that defendant is about
to remove from the state for the purpose of defrauding his
creditors; and bring the money before the undersigned by the
return day of this execution to be by me rendered to the said
Edward Bach, plaintiff, and return this execution to me within
30 days after its receipt by you." To its introduction plaintiff
objected on the ground that it was not a legal document, nor
such an execution as that court could legally issue.

In the light of all the facts presented by the abstract, it
would be unreasonable to infer that the justice's court acquired
jurisdiction to determine that Towne had disposed of his prop-
erty, and was about to remove from the state, for the purpose
of defrauding creditors. Certainly, in the absence of its
record, we are bound to presume that it did not show authority
for the unusual recitals contained in the execution, and must
hold that the court did not err in ruling as it did upon the in-
troduction of the docket and execution.

At the close of the evidence plaintiff moved the court to
direct a verdict for the return of the property, or its value, the
jury to fix the value, against defendant Liedle. He moved the
court to direct a verdict in his own favor, which was denied,
and the court charged the jury as follows: "Your verdict will
be for the plaintiff against the defendant Liedle for such sum
as you find to be a reasonable value for those cattle at the time
they were taken." Thereupon plaintiff was given leave to
amend his complaint by inserting in the prayer for judgment
the words. "or the value thereof, in case a return cannot be
had," and the jury returned the following verdict: "We, the
jury, find for the plaintiff and against the defendant Liedle,
and assess his damages at $78.00." It is clear from the man-
ner in which the action was submitted that the jury found the
value of the property to be $78. The form of the verdict is

not strictly accurate, but the intention of the jury is unmistakable. When a complaint alleges ownership and right of possession in the plaintiff, and wrongful detention by the defendant, a general verdict for the plaintiff finds all the issues for the plaintiff. Such a verdict determines that he is owner, and entitled to possession. Gaines v. White, 1 S. D. 434, 47 N. W. 524. Had objection been made to the form of the verdict when rendered, the irregularity might have been reformed. It is sufficient to support a proper judgment. Hormann v. Sherin, 6 S. D. 82, 60 N. W. 145. The judgment not being before us, it will be presumed that it conforms to the pleadings and issues as determined by the court and jury. The judgment and order appealed from are affirmed.