# OCTOBER TERM, 1913.

CARVER *v.* BIELEKE.

1. AMENDMENTS — PLEA — RECOUPMENT—APPEAL FROM JUSTICE'S COURT—TRIAL—LEASE.

   Upon the trial of an appeal from a justice's judgment in favor of plaintiff, who brought an action for rent due under a written lease, wherein defendant, the tenant, had orally given notice of set-off and recoupment in general terms, and had defended on the ground that the landlord had failed to repair certain leased buildings as it was stipulated in the lease, and had filed a written bill of particulars of his claim before the justice who in' part allowed it, the circuit court should have permitted the defendant to introduce evidence in support of the alleged recoupment, and erroneously rejected the testimony on the ground of insufficiency of the notice of defense.

2. SAME—CONSTRUCTION—APPEAL AND ERROR.

   Technicalities and formalities are not countenanced in the review of pleadings in justices' courts: the purpose of pleadings is to inform the parties what they will be called upon to meet, and if sufficient notice is given, objections should not be sustained.

Error to Wayne; Murphy, J. Submitted April 18, 1913. (Docket No. 95.) Decided October 10, 1913.

Assumpsit in justice's court by Walter Carver against Gustow Bieleke for rent. From a judgment for plaintiff defendant appealed to circuit court. Judgment for plaintiff. Defendant brings error. Reversed.

W. C. *Gottman,* for appellant.

*Edward M. Vining,* for appellee.

McALVAY, J. Plaintiff brought suit against defendant before a justice of the peace for Wayne county, declaring orally in an action of assumpsit and on all the common counts, and especially on a certain written lease for a certain rent claimed to be due. The defendant pleaded the general issue and "gave notice of set-off and recoupment." It is claimed by defendant that on the trial before justice's court a bill of particulars of his recoupment was filed with the court, and testimony in recoupment was offered and introduced in evidence and considered by the court. Plaintiff claims that this bill of particulars was not filed with the justice, but does not deny that the question of recoupment was litigated. Plaintiff's only claim was for two installments of rent under this lease, amounting to $250. The trial before the justice was without a jury, and resulted in a judgment against defendant for the sum of $199 and costs. Defendant appealed from this judgment to the circuit court for Wayne county, where the case came on to be heard before a jury. During the trial, while defendant was putting in his proofs, objection was made for the first time that no proper notice of recoupment had been given, and therefore that testimony upon such recoupment was not admissible under the pleadings. It appeared in the proofs in the case that there was a provision in the lease that plaintiff, as lessor, agreed to fix the roof of the barn upon the premises leased. The words of the lease necessary to be quoted are:

"The first (party) agrees to shingle house and fix roof on barn."

The roof of this barn covers a part used as a horse barn, and also that part used as a cow barn. Plain-

tiff reshingled that part of the barn called the "horse barn," but refused to repair the balance of the roof. The objection of plaintiff to the introduction of any evidence as to recoupment for damages by reason of the leaking of the balance of the roof was sustained, after considerable colloquy between the court and counsel, which excluded all evidence of damage arising therefrom. Counsel for defendant then moved for leave to amend his plea and file the particulars of his recoupment, which was used in justice's court, *nunc pro tunc,* or for a continuance of the case to get a further return from the justice, claiming that he had not seen the return until the day before the trial began. The court denied the motion and then, on motion of plaintiff, directed a verdict in his behalf for the sum of $250, the full amount claimed, basing his decision upon the ground that defendant's attorney had not used due diligence, and that a continuance would entail a delay, which did not make for the speedy administration of justice. Upon this verdict a judgment against defendant was duly entered. Later defendant made a motion for a new trial, which was denied. From the judgment entered upon such directed verdict defendant, upon writ of error, reviews the case in this court.

The principal contention in the case is upon the exclusion by the court of all evidence showing recoupment, on the ground that no proper notice of recoupment had been given. Upon this proposition the record shows, from the return of the justice, that the pleadings in that court, both on the part of plaintiff and defendant, were oral. It appears from the record of the trial in the circuit court that in justice's court defendant put in his defense of recoupment, and the amount of the judgment indicates that such recoupment was allowed in part. During the discussion before the court counsel for plaintiff in effect admitted that a bill of particulars of defendant's

claim of recoupment was received and used in justice's court, and defendant was allowed to testify concerning his damages by reason of plaintiff's default in his lease, and that he was cross-examined upon such claim. As already stated, the judgment in justice's court was $51 less than the amount claimed by plaintiff.

This court has repeatedly held that justice court pleadings should be viewed with liberality, technicalities discountenanced, and substance instead of form required. This claim of recoupment, the bill of particulars of which was presented to the justice and used without objection upon the trial by defendant, and upon the testimony which defendant gave under it he was cross-examined by plaintiff, was sufficient, added to the pleadings in the case, to warrant the justice in receiving testimony under it, and also to give notice to the plaintiff of the nature of the claim of defendant with sufficient certainty to prevent surprise as to what he would be called upon to meet with his proofs. Whether the justice marked the paper as filed in the case does not appear. Plaintiff's attorney says he is informed it was not filed. The entire purpose and sole requirement of pleadings in justice's court is to inform the opposite party what he will be called upon to meet. This knowledge plaintiff had in the justice's court, and accepted without protest or question, as far as the record shows. He made no claim that he was surprised. Counsel for plaintiff, and apparently the court, relied upon the case of *Watkins* v. *Ford,* 69 Mich. 357 (37 N. W. 300). We think that the cases are distinguishable. In the instant case, by the itemized bill of particulars upon which the defense was based in justice's court, as already stated, plaintiff was informed of defendant's claim, while in the case relied upon and the other cases cited, nothing appears to have been brought to plaintiff's notice but the general state-

ment that defendant "gave notice of set-off and recoupment." In view of the liberality with which this court has always viewed pleadings and proceedings in justice's court, where formalities and technicalities have been discountenanced, and that the pleadings are held good if sufficient notice has been given as to what issue is to be met, we are of the opinion that the court should have overruled the objection of plaintiff, and should have received evidence offered by defendant in recoupment. From the record of the trial in the circuit court it is apparent that this claim of recoupment was made in good faith, and that the construction of the lease relative to the repairs upon the roof of the barn is involved.

In the motion for a new trial made by defendant this matter of his contention that he was entitled to introduce evidence in recoupment on his defense was emphasized and called to the attention of the court as one of the reasons why a new trial should be granted. From what has been already said upon the subject, our conclusion is that the court was in error in refusing to allow defendant to show recoupment, and also in refusing later to grant a new trial.

The judgment of the circuit court is reversed, and a new trial is granted.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.