DIAMOND POWER SPECIALTY CO. *v.* DAVID STOTT FLOUR MILLS.

1. PLEADING—GENERAL ISSUE—NOTICE OF RECOUPMENT NECESSARY.
   In order to make the defense of recoupment under the plea of the general issue it is necessary to give notice of it (3 Comp. Laws 1915, § 12470) and also to set out the facts which constitute the recoupment.

2. SAME—NOTICE OF RECOUPMENT—AMENDMENT—JUSTICES OF THE PEACE.
   Where defendant in justice's court, after orally pleading the general issue and reserving the right to amend, came in and filed notice of recoupment with a statement of the facts on which it relied, defendant's pleading was sufficient to enable it to make the defense of recoupment.

3. SAME—FILES—JUSTICES OF THE PEACE.
   The question as to whether the notice under the general issue was filed by the justice becomes unimportant, where it appears by his judgment that he considered it, and said notice was returned by the justice as part of the files of the case.

Error to Wayne; Richter (Theodore J.), J. Submitted January 24, 1923. (Docket No. 47.) Decided March 22, 1923.

Assumpsit in justice's court by the Diamond Power Specialty Company against the David Stott Flour Mills, Inc., for goods sold and delivered. There was judgment for plaintiff for less than amount claimed and it appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Thomas W. Thompson,* for appellant.

*Lucking, Helfman, Lucking & Hanlon* (*Howell Van Auken,* of counsel), for appellee.

BIRD, J.   Plaintiff installed several flue blowers in defendant's mill and they were paid for in part.   Suit was begun in justice's court to recover a claimed balance of $140.10.   Personal service was had and on the return day plaintiff filed its declaration and defendant pleaded orally the general issue and reserved the right to amend.   Later it filed the following notice of recoupment:

(Title of cause.)
"To the above named plaintiff:
"Please take notice that the following constitutes the defendant's bill of particulars, in its plea of set-off and recoupment:
"To excess fuel used by defendant on account of delay in plaintiff's installation of flue blowers, from March 25 to April 16, at $5 per day........$100.00
"Interest to date.....................    46.00
"Detroit, Mich., October 29, 1919.
                    "Yours,
                         "MILLS, GRIFFIN, SEELEY &
                              STREETER,
                         "Attorneys for Defendant."

Justice Scott before whom the case was tried found a verdict for plaintiff in the sum of $40.10.   Plaintiff was not content with the outcome and appealed the case to the circuit court.   When the case came on for hearing in the circuit court plaintiff made proof of its claim.   Defendant, on the cross-examination of one of plaintiff's witnesses, attempted to lay the foundation of its claim of recoupment, but the trial court held that the plea and notice were not sufficient to admit that defense.   On account of this ruling defendant was deprived of its defense and a verdict for plaintiff was directed.

In order to make the defense of recoupment it was necessary to give notice of it under the plea of the general issue (3 Comp. Laws 1915, § 12470).   It was not only necessary to plead recoupment, but it was

necessary to set out the facts which constituted the recoupment. *Watkins* v. *Ford,* 69 Mich. 357. If we keep in mind the liberality which has always existed with reference to pleadings in justice's court, we have little trouble in concluding that defendant's amended pleading was sufficient to enable it to make the defense of recoupment. The important thing to be kept in mind is whether the plea and notice are sufficient to advise the plaintiff what defense will be made. If it is sufficient for this purpose it will be sufficient as a pleading in justice's court. *Eddy* v. *Manshaun,* 42 Mich. 532.

In the present case the general issue was pleaded on the return day. The right to amend its pleading was reserved. It came in later and filed the notice heretofore quoted. This advised the plaintiff that defendant would rely on recoupment. The notice which follows advised the plaintiff of what the recoupment consisted. When plaintiff came into circuit court it knew precisely what the defense was, but if it were in doubt as to any particular phase of the notice it could have filed a motion to have it made more definite.

In *Carver* v. *Bielke,* 177 Mich. 406, a situation arose very similar to the one in the present case. In holding that defendant should have been permitted to make his proof of recoupment, the court said in part:

"In view of the liberality with which this court has always viewed pleadings and proceedings in justice's court, where formalities and technicalities have been discountenanced, and that the pleadings are held good if sufficient notice has been given as to what issue is to be met, we are of the opinion that the court should have overruled the objection of plaintiff, and should have received evidence offered by defendant in recoupment."

Some question is raised that the notice under the general issue was not filed by the justice. It is

quite evident that Justice Scott considered the notice as he reduced plaintiff's claim in an amount equal to the amount claimed in recoupment.   Besides, the notice appears to have been returned as a part of the files of the case.   In view of this the notice should be considered a part of the files of the case.

The judgment will be reversed and a new trial granted.   Defendant will recover its costs in this court.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.