G. W. BURNETT, *Plaintiff in Error,* v. G. W. SOULE, *Defendant in Error.*

## Opinion Filed November 29, 1919.

1. Where there is conflicting evidence on the issues made, and the verdict is not manifestly against the weight of the evidence, the court should not interfere and set aside the verdict of the jury.

2. An assignment of error not argued will be treated as abandoned.

3. It is not error to refuse a requested instruction where the same points are covered by other instructions given.

4. In determining the correctness of instructions they should be considered as a whole, and in passing upon a single instruction or charge it should be construed in connection with all of the other instructions and charges bearing on the same subject, and if when thus considered the law appears to have been fairly presented to the jury an assignment predicated upon the giving of such instruction must fail.

5. In an action of replevin a verdict of the jury as follows: "We, the jury, find in favor of the plaintiff for" (here followed by a description of the property, separate valuation as to each item, and total aggregate valuation), unobjected to when rendered, while not commended in matter of form, should be construed in connection with the issues made by the pleadings, the evidence in the cause, and the charge of the court, and when so construed it is equivalent to finding all the issues in favor of the plaintiff.

6. The plea of not guilty in an action of replevin puts in issue not only the right of the plaintiff to the possession of the property described in the declaration, but the wrongful taking and detention thereof, and a verdict of the jury as follows: "We, the jury, find in favor of the plaintiff for" (here fol-

lowed by a description of the property, separate valuation as to each item, and total aggregate valuation) unobjected to when rendered, while not commended in matter of form, is equivalent to finding the right of possession in the plaintiff, and is sufficient to support final judgment awarding possession to plaintiff.

A Writ of Error to the Circuit Court·for Santa Rosa County; A. G. Campbell, Judge.

Judgment affirmed.

*E. M. Magaha* and *John P. Stokes,* for Plaintiff in Error;

*Sullivan* & *Sullivan,* for Defendant in Error.

BULLOCK, *Circuit Judge.*—G. W. Soule instituted an action of replevin against G. W. Burnett in the Circuit Court of Santa Rosa County for various items of personal property consisting principally of cattle and hogs, the declaration consisting of two counts. In the first count it is alleged that the defendant unlawfully took the goods and chattels of plaintiff, wrongfully detained the same, unlawfully withheld the possession thereof, and refused to deliver the same to plaintiff, and the plaintiff claims a return of said goods and property, or their value, and damages for detention.

The second count alleges that defendant came in possession of the goods and chattels of plaintiff; that he wrongfully detains the same, and unlawfully withholds possession thereof. Each count sets forth an itemized description of the property, with the value of each item separately, and alleges prior demand and refusal of the defendant to deliver possession. Upon executing the writ

of replevin the property sued for was returned by the Sheriff to the defendant on his forthcoming bond.

The defendant pleaded the general issue ''not guilty,'' and there was a trial by jury, resulting in a verdict for plaintiff. Motion for new trial·was made and denied, and final judgment entered against the defendant. The defendant sued out writ of error, and seeks relief in this court from said judgment. For convenience we will hereinafter refer to the parties as plaintiff and defendant as they were designated in the Circuit Court.

The assignment of errors insisted upon in this Court are as follows:

1. The Court erred in denying the defendant's motion for new trial.

2. The Court erred in refusing to give to the jury the special charge requested by defendant reading as follows: ''If you find from the evidence that this was an agreement that the defendant may at his option pay the plaintiff the value of the cattle as delivered to said defendant, and at the time of settlement said cash value was paid plaintiff, and other cattle belonging to defendant was valued at a cash value and given plaintiff as full settlement of claims and he accepted the same, you will find for the defendant.''

3. The Court erred in giving special charges requested by the plaintiff. One of said special charges reads as follows:

''L-A. If you find from the evidence in this case that there was a contract between the parties whereby the defendant was to pay certain moneys to the plaintiff, and receive the increase of certain cattle, and the defendant did not pay the agreed moneys, he would not under such contract alone be entitled to such increase.''

The other special instruction given at the request of

the defendant is not referred to in brief of attorneys for plaintiff in error, and the assignment of error with reference thereto will be treated as abandoned.

Attorneys for plaintiff in error have not favored the court with the citation of any authorities in support of the several assignments of error, and their brief is limited to a mere statement of their contentions.

The evidence is conflicting and in many respects contradictory.

It has been frequently held by this Court that where there is conflicting evidence on the issues made, and the verdict is not manifestly against the weight of the evidence, the Court should not interfere and set aside the verdict of the jury.

The grounds of the motion for new trial based upon the insufficiency of the evidence to sustain the same were therefore properly overruled.

The remaining grounds of the motion for new trial will be considered in connection with the other assignments of error.

It is insisted that the refusal of the Court to give the special instruction requested by the defendant, and which gave rise to the second assignment of error was prejudicial in that it denied the defendant the benefit of his theory of the case. This contention is not well founded, as the court of its own motion charged the jury substantially as requested in the rejected instruction requested by the plaintiff, as is shown by the following extract from the court's general charge:

"If you should find from the evidence in this case that the defendant was in possession of this property by reason of its being the increase of certain property that he was to have the increase of under a contract, and that he had complied with the contract, and that in a settlement under

that contract this property was retained in settlement of this contract, each side entering into this settlement as what was entitled to under the contract, of course you should find for the defendant. If, however, in settlement of contracts between plaintiff and defendant, the plaintiff accepted or received what was held out to him to be all the property, and not knowing that there was any other property that belonged to him, but that the defendant surrendered property which he said was all the property, and you should further find that the plaintiff was also entitled to this property, then you should find for the plaintiff, or for such property as you find he was entitled to, and it is for you to find by a preponderance of the evidence whether the plaintiff is entitled to the possession of the property, or any portion of the property, and render your verdict accordingly.''

It has been frequently held by this Court that there is no error in refusing special instructions upon matters covered by a general charge of the trial judge. Bennett v. State, 65 Fla. 84, 61 South. Rep. 127; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367.

Applying this principle, in connection with the further established rule that the entire charge of the court must be considered in determining whether the giving or the refusal to give requested instructions constitutes error, we are of the opinion that this assignment is not well taken.

The third assignment of error is based upon the giving of special instruction at the instance of plaintiff hereinbefore quoted, and it is contended that when property is sold on credit the title passes, and that if the purchaser fails to pay the purchase price the seller's remedy is by action for the purchase price and not to recover the specific property. We do not think that this charge bears

the construction placed upon it by learned counsel, and especially when taken in connection with all the other charges given in the case.

The evidence discloses that the defendant had been a tenant of plaintiff for several years, and that for the first two years he was to pay certain money rental. There was also evidence regarding the rights of the parties as to increase of stock upon the premises, but it is contradictory and difficult to reconcile. The defendant himself seemed to admit that there was no definite fixed understanding as to rentals to be paid for the last several years he had the use and occupation of the premises, and admitted that he was in default in the payment of rentals. A reasonable inference can be drawn from the testimony that defendant's right to the stock increase was dependent upon his payment of the rentals to accrue from time to time, and that the payment of such rentals was a condition precedent, and that he was not entitled to such increase in default of such payment. The requested instruction was doubtless to meet this theory, if the jury should believe from the evidence that such was the understanding and agreement between the parties. This instruction in effect says: that if there was a contract between the parties whereby the defndant was to pay certain moneys to plaintiff, and upon such payment being made he was then to receive the increase of certain cattle, he would be entitled to such increase, but if the moneys should not be so paid as agreed, the title would not pass.

Placing this construction upon this requested instruction given by the Court, it is in harmony and consistent with all the charges given in the case, and is not misleading. This assignment must therefore also fail.

We will next consider other grounds of the motion for a new trial, to-wit: That the verdict of the jury is con-

trary to law and to the charge of the court, in connection with the fourth assignment of error, which is as follows:

"The Court erred in entering final judgment for the plaintiff upon the verdict rendered by the jury, because the jury did not find that at the time of the institution of the suit that the plaintiff was entitled to the possession of he property sued for, or any part thereof."

The verdict of the jury was a general finding in favor of the plaintiff, setting forth an itemized description of the property, giving the value of each item separately, and the total aggregate valuation in the sum of $318.00. So much of the verdict as need be quoted as pertinent to this assignment is as follows: "We, the jury, find in favor of the plaintiff for" (here follows a description of the property, separate valuation as to each item, and the total aggregate valuation).

No objection was made to the form of the verdict, and the court thereupon entered judgment that the plaintiff was the owner and entitled to the possession of the property described in the verdict of the jury, that he do have and recover of and from the defendant the possession of said property. It was further considered, ordered and adjudged that the plaintiff do have and recover of and from the defendant and his sureties on the forthcoming bond the sum of $318.00, the value of the property as found by the verdict of the jury, and the further sum of $49.04 court costs.

No objection is made to the form of the judgment, but it is insisted that the verdict of the jury does not lay a sufficient foundation to support the judgment, and that the judgment does not conform to the verdict.

In Holliday v. McKinne, 22 Fla. 153, the verdict was: "We, the jury, find for the plaintiff property to the value of $474.64, and damages to the amount of $100." Judg-

ment was entered that plaintiff recover the property mentioned in the declaration of the aggregate value of $500, and the sum of $100 for his damages. It was held that the judgment did not conform to the verdict and was therefore erroneous. No property was described in the verdict, only the aggregate value was given, and the judgment was for a sum in excess of such aggregate value.

Under our statute, Section 2185, General Statutes, 1906, the plea of not guilty in an action of replevin puts in issue not only the right of the plaintiff to the possession of the property described in the declaration, but the wrongful taking and detention thereof. Holliday v. McKinne, *supra;* Malsby v. Gamble, 61 Fla. 310, 54 South. Rep. 766; Covington v. Clemons, 61 Fla. 151, 55 South. Rep. 81.

What is the effect of this verdict in the form as rendered, when construed in connection with the issues made by the pleadings, the evidence in the cause, and the charge of the court? It is apparent that it does not specifically find that the plaintiff was entitled to the possession of the property, or that it was wrongfully withheld by the defendant. The verdict does not follow the well-recognized forms in actions of replevin, and by the observance of which courts would be relieved from much trouble and time in determining how far a verdict may depart from such recognized forms without rendering it fatal.

As a general rule a general verdict or finding for plaintiff or defendant responds to all the issues as to which the law does not require a special verdict. 34 Cyc. 1525.

The following authorities are cited in support of the doctrine that a general finding for the plaintiff in an action of replevin, assessing his damages, is equivalent

to a finding that he is the owner and entitled to possession of the property. McNamara v. Lyon, 69 Conn. 447, 37 Atl. Rep. 981; Rogers v. Davis, 194 Mo. App. 378, 184 S. W. Rep. 151; Towne v. Liedle, 10 S. D. 460, 74 N. W. Rep. 232; Gaines v. White, 1 S. D. 434, 47 N. W. Rep. 524.

In the case of Rogers v. Davis, above cited, the court said: "It is true that a verdict in replevin should respond to the issue of unlawful detention, and not alone to that of plaintiff's right of possession * * . However, it is sufficient if the verdict is in general form, or if the finding by the court sitting as a jury is, as here, a finding of the issues generally in favor of the plaintiff."

In Towne v. Leidle, above cited, the court said: "When a complaint alleges ownership and right of possession in the plaintiff and wrongful detention by the defendant, a general verdict for the plaintiff finds all the issues for the plaintiff. Such a verdict determines that he is owner and entitled to the possession * * *. Had objection been made to the form of the verdict when rendered the irregularity might have been reformed. It is sufficient to support a proper judgment."

The other authorities cited are to the same general effect.

In the case of Covington v. Clemmons, 61 Fla. 151, 55 South. Rep. 81, the verdict of the jury, in an action of replevin, was "We, the jury, find for the plaintiff and assess damages of one dollar. So say we all." This verdict, on being returned, was corrected so as to read: "We, the jury, find in favor of the plaintiff and find the value of the property, to-wit: (here follows description), to be $150 as admitted by the pleadings, and we assess the rental value at $1.00. So say we all."

Objection was made to the filing of the second verdict, which objection was overruled, to which ruling the de-

fendant excepted. In that case we held this action of the court in directing a proper form of verdict to be prepared was not error. The form of the second verdict was not made the basis of any assignment of error, and the objection went solely to failure to receive and accept the verdict in the form as originally returned.

In the case of Sullivan v. Girson, 39 Mont. 274, 102 Pac. Rep. 320, the court said:

"The first contention made is that the verdict is not sufficient to support the judgment in that it does not respond to the material issue of wrongful detention by the defendants. * * *. It may be conceded, as counsel contends, that a mere finding that the plaintiff had the right of possession at the beginning of the action would not sustain a judgment for an unlawful detention; yet a general finding of the issues in plaintiff's favor includes all the issues except that of value. The verdict here contains a general finding in favor of the plaintiff, together with a finding of value. It conforms substantially with the requirements of Section 6760 Revised Codes, and is amply sufficient to support the judgment."

In view of the allegations of the declaration, the scope of the plea of not guilty, the evidence in the case, and the charge of the court, we are constrained to hold that, while the verdict is not commended in the form as rendered, it is sufficient in substance to support the final judgment based thereon.

Finding no reversible errors, the judgment of the lower court should be affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by

the Court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.