224 So.2d 727 (1969)
David NUNBERG, Appellant,
v.
Clara BRODSKY and Michael Brodsky, Her Husband, Appellees.
No. 68-1086.
District Court of Appeal of Florida. Third District.
June 10, 1969.
Rehearing Denied August 6, 1969.
*728 Dixon, Bradford, Williams, McKay & Kimbrell, and James F. Crowder, Jr., Miami, for appellant.
Kenneth L. Ryskamp and Alfred Gustinger, Jr., Miami, for appellees.
Before CHARLES CARROLL, C.J., and SWANN, J., and LILES, WOODIE A., Associate Judge.
CHARLES CARROLL, Chief Judge.
This action arose from a collision between two automobiles, which were proceeding in the same direction on the approach roadway to the Dade County International Airport.
The appellees Clara D. Brodsky and her husband Michael Brodsky were the plaintiffs. The appellant David Nunberg was the defendant. The plaintiff Clara Brodsky was driving one of the automobiles. She sought recovery of damages for personal injuries, and was joined in the action by her husband, seeking derivative damages. The defendant Nunberg, who was the owner and driver of the other car, counterclaimed against the plaintiff driver and against Airport Trading Company, the owner of the car which the plaintiff was driving. By his counterclaim the defendant sought damages for his personal injuries, and for medical expenses for himself and for his wife (who was a passenger) and for property damage to his automobile.
In their pleadings each of the drivers charged the other with negligence proximately causing the collision. The evidence introduced by the parties relating to the collision was in sharp conflict. Plaintiff's version was that as she was proceeding to the rear and left of the defendant's automobile, the collision was caused by the defendant suddenly moving over into her path. The defendant's version was that he was driving in the righthand lane and continued therein without change, and that his automobile was struck from the rear by the one driven by the plaintiff. Because of the absence of tire marks due to the fact that the street was wet from rain, the investigating officer was unable to determine the exact path or position of the automobiles prior to and at the time of the impact. Inferences claimed in those respects, from positions of the cars after the collision were unreliable.
*729 The cause went to the jury on charges of negligence and contributory negligence. The jury returned two verdicts, in one of which they found for the defendant on the main case and in the other found for the counter-defendants on the counterclaim. The trial court granted plaintiffs' motion for new trial, and the defendant appealed.
The grounds stated in the order granting new trial were as follows:
"a. The Court erred in charging the jury, with respect to the Plaintiff's possible contributory negligence and the Defendant's counterclaim because there was not sufficient evidence to support said charge.
"b. The verdict was not consistent with the evidence, and the jury indicated that they were not prepared for fair deliberation when they asked the Court to have the testimony of the parties reread to them.
"c. After a consultation with both counsel the Court instructed the jury that the testimony could not be read to them, and the jury, forthwith brought in a verdict against all parties, or a verdict denying both claims and counterclaims."
Recognizing that the order appealed from comes here with a presumption of correctness, and the reluctance of an appellate court to reverse an order granting a new trial, nevertheless we hold that the grounds relied on by the trial court were not such as properly could support the granting of a new trial, on consideration of the record in this case.
The view taken by the trial judge that he was in error in charging the jury on contributory negligence as to the plaintiff was not justified. The record contained competent substantial evidence from which the jury could, and in fact appears to have determined that each of the drivers was guilty of negligence proximately causing or contributing to cause the collision. The jury was not required to accept, or to reject in all respects the testimony submitted in support of the position of one of the drivers as opposed to the other. On the evidence presented, the jury could and no doubt did give some but not full credence to the version advanced by and on behalf of each of the drivers and concluded that neither was free of fault to the extent that she or he should be found not guilty of negligence proximately causing or contributing to cause the collision. As the judges of the credibility of the witnesses and of the weight to be given the evidence, and having the duty to resolve the conflicts in the testimony, the jury was entitled to so find on the evidence.
The second ground of the order, that the verdict was not "consistent" with the evidence, was insufficient upon which to grant a new trial. The trial court did not find or conclude that the verdicts were against the manifest weight of the evidence, for which, had he so concluded, a new trial properly could have been granted, as held in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673. See also Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 So. 274, 276; Burnett v. Soule, 78 Fla. 507, 83 So. 461, 462; Greiper v. Coburn, 139 Fla. 293, 190 So. 902, 904; Hart v. Held, 149 Fla. 33, 5 So.2d 878, 882; Grand Assembly, etc. v. New Amsterdam Casualty Co., Fla.App. 1958, 102 So.2d 842, 846. Those cases reiterate the rule that where the evidence on the issues made is in conflict, and the verdict found thereon is not manifestly against the weight of the evidence, the court will not interfere and set aside the verdict of the jury.
A portion of the second ground, and the third ground assigned by the trial judge concern the circumstance, shown in the record, that when the jury returned and asked to have certain testimony reread to them, the trial court, after consulting with counsel, denied the request and informed the jury they should depend on *730 their recollection of the evidence. No objection was made by counsel for the plaintiff to that disposition of the matter by the trial court. On the contrary, the record discloses that the reply which the court made to the jury was that which was suggested to the court by plaintiffs' counsel. The jury heard the evidence and rendered their verdicts thereon, and when polled on the verdicts, each juror responded in affirmance thereof.
For the reasons stated, the order granting new trial is reversed, and the cause is remanded to the circuit court with directions to reinstate the verdicts and enter judgment thereon.
Reversed and remanded with directions.