234 So.2d 645 (1970)
Iris HODGE, As Administratrix of the Estate of James L. Hodge, Deceased, Petitioner,
v.
JACKSONVILLE TERMINAL COMPANY, a Corporation, Respondent.
No. 38810.
Supreme Court of Florida.
April 22, 1970.
Rehearing Denied May 27, 1970.
*646 Horton & Schwartz and Beckham & McAliley, Miami, for petitioner.
Adam G. Adams, II, William H. Maness and Adams & Adams, Jacksonville, for respondent.
DREW, Justice.
In its decision[1] the District Court of Appeal reversed the order of the trial court "insofar as the same holds that there was no evidence placed before the jury to justify an instruction on the claimed violation of the Safety Appliance Act" but "affirm[ed] the order granting a new trial on the other ground stated in the order to the effect that the verdict is contrary to the evidence on the authority of Cloud v. Fallis, supra [110 So.2d 669]." Petitioners here assert that the sole question presented to and argued on the appeal of the order granting a new trial to the District Court of Appeal was "whether the evidence created a jury question as to the railroads violation of the Safety Appliance Act so that the jury was properly instructed on that issue," and, therefore, that such decision is in direct conflict with Nunberg v. Brodsky,[2] holding in part:
"The second ground of the order, that the verdict was not `consistent' with the evidence, was insufficient upon which to grant a new trial. The trial court did not find or conclude that the verdicts were against the manifest weight of the evidence, for which, had he so concluded, a new trial properly could have been granted, as held in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673. See also Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 So. 274, 276; Burnett v. Soule, 78 Fla. 507, 83 So. 461, 462; Greiper v. *647 Coburn, 139 Fla. 293, 190 So. 902, 904; Hart v. Held, 149 Fla. 33, 5 So.2d 878, 882; Grand Assembly, etc. v. New Amsterdam Casualty Co., Fla.App. 1958, 102 So.2d 842, 846. Those cases reiterate the rule that where the evidence on the issues made is in conflict, and the verdict found thereon is not manifestly against the weight of the evidence, the court will not interfere and set aside the verdict of the jury."
The district court's conclusion that the trial judge did not err in granting a new trial "if he finds that the jury was influenced by consideration outside the record as he appears to have in the case at bar" is obviously erroneous because the trial judge made no such finding in the order. On the contrary, the order specifically stated:
"* * * the Court has reached the conclusion that there was no evidence upon which the jury could lawfully have found that the defendant violated the Safety Appliance Act (45 U.S.C., Sec. 9 et seq) as charged in Count II of the Amended Complaint and that the Court erred in submitting that issue to the jury for determination. * * *"
The order then adjudged:[3]
"1. Defendant's Motion for New Trial should be and it, hereby, is granted on grounds 1, 2, 3, 4 and 22 of said Motion and the verdict and judgment rendered in the above entitled cause, including this Court's Order taxing costs filed herein September 18, 1967, are set aside. In all other respects said Motion is denied."
We construe the order of the trial judge referring to ground no. 1 in the Motion for New Trial to have reference solely to facts concerning the submission to the jury of the Safety Appliance Act aspect of the case which was his principal concern  and obviously the concern of the parties on appeal to the district court. Setting aside a jury verdict on this ground requires more than a cursory disposition of a ground of a Motion for New Trial that "the verdict is contrary to the evidence." There should be an independent determination by the trial judge that "the jury was influenced by considerations outside the record." We find no determination in this record to support the district court's conclusion *648 in this respect. On the contrary, ground 13 of the Motion for New Trial specifically charged that "the jury was motivated by passion, prejudice, bias or some other improper motive and/or that the passions of the jury were inflamed by circumstances outside of the evidence in the case. * * *" This paragraph was denied in the order of the trial judge.
The reliance by the district court on our decision in Cloud v. Fallis[4] to support its decision affirming the order granting the new trial because the verdict was "contrary to the evidence" is misplaced. The motion for new trial did not allege and the trial judge did not find that the verdict was against "the manifest weight of the evidence" which is the rule announced in Cloud v. Fallis, supra.[5]
That portion of the decision of the district court which affirms the order granting a new trial is hereby quashed and the cause is remanded to the district court with directions to remand to the trial court with instructions to enter an appropriate judgment on the jury verdict.
It is so ordered.
ERVIN, C.J., THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.
ROBERTS, J., dissents.
NOTES
[1] Hodge v. Jacksonville Terminal Company, 222 So.2d 483 (1st Dist.Ct.App.Fla. 1969).
[2] 224 So.2d 727, 729 (3rd Dist.Ct.App. Fla. 1969).
[3] The grounds # 1, 2, 3, 4 and 22 of the Motion for New Trial were:

"1. That the verdict herein is contrary to the evidence.
"2. That the verdict herein is contrary to law.
"3. That the verdict herein is contrary to the law and to the evidence.
"4. That there is no evidence upon which the jury could have properly found that defendant violated the Safety Appliance Act (45 U.S.C., Section 9) and this cause was accordingly improperly submitted to the jury for determination thereof.
* * * * *
"22. By the giving of the last paragraph of plaintiff's requested instruction No. 9, with the fourth paragraph of plaintiff's requested instruction No. 1, and the giving of defendant's requested instruction No. 2 in part only, the Court erroneously TOLD the jury that plaintiff charges:
`* * * that such movement did not have the breaking power specified by Federal law * * * the burden of proof is upon the plaintiff to prove * * * that the defendant violated the provisions of the Act as charged * * *' and that the Federal law makes `* * the defendant employer responsible in damages * * * if the braking system * * * was not effectively working * * * and if said inefficiency in whole or in part produced the death of the employee.'; and then again, `As to the statute concerning efficient train brakes * * * the plaintiff is entitled to recover full damages if this allegation is proved * * * regardless of the employee's actions.'
"thus permitting the jury to award full damages if they found that the train brakes were `not effectively working or were inefficient, contrary to the requirements of law.'"
[4] 110 So.2d 669 (Fla. 1959).
[5] "In an attempt to dispell this confusion about procedure of such importance, we will undertake to restate the law on the subject.

"When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905; Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
"When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra [Fla., 51 So.2d 33]; Turner v. Frey, supra [Fla., 81 So.2d 721, 722]; Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
"Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra." Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959).
See also Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla. 1961); Nunberg v. Brodsky, supra; Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968).