MCDONALD, PARKER LEE, Associate Judge.
The appellants were plaintiffs in an action for damages against the appellees for personal injuries arising out of an automobile accident. The trial resulted in a jury verdict in the sum of Nine Thousand Dollars ($9,000.00) for Mrs. Stopko and Three Thousand Dollars ($3,000.00) for Mr. Stopko.
The trial judge entered an order granting the defendants a new trial on the issues of damages only unless the plaintiffs filed a remittitur of Four Thousand Five Hundred Dollars ($4,500.00) on the verdict entered for Mrs. Stopko and a remittitur of One Thousand Five Hundred Dollars ($1,-500.00) on the verdict for Mr. Stopko. The grounds assigned by the trial judge for his *29 order were that the verdict was excessive, shocked the judicial conscience and was so grossly excessive as to manifest on its face that the jury was swayed by sympathy, passion or prejudice and/or was swayed by matters outside the record and/or was misled by the remarks of counsel in closing arguments. The appellants have declined to file the remittitur.
This court recognizes the rule that a motion for new trial is directed to the sound, broad discretion of the trial judge and that the ruling on such a motion should not be disturbed in the absence of a clear showing that such discretion has been abused. Cloud v. Fallis, Fla.1959, 110 So.2d 669; Kraus v. Osteen, Fla.App.1961, 135 So.2d 885; Russo v. Clark, Fla. 1962, 147 So.2d 1.
In Russo v. Clark, the Court stated: “Nevertheless, this Court has consistently held that such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused. If abuse of discretion is apparent from the record, then the order of the trial judge, in an appropriate appellate proceeding, may, and should be, set aside.” This principle is also enunciated in Kraus v. Osteen, Fla.App.1961, 135 So.2d 855; North Dade Imported Motors v. Brundage Motors, Inc., Fla.App.1969, 221 So.2d 170; Bailey v. Sympson, Fla.App. 1963, 148 So.2d 729 and others.
We have carefully reviewed the record. A summary of the record would serve no useful purpose. This study, however, which included argument of counsel as well as all the evidence in the case, directs us to the conclusion that in this instance the trial judge abused his discretion in entering the order granting a new trial.
The order granting a new trial unless the plaintiffs filed a remittitur is reversed and the trial judge is directed to enter judgment on the jury verdict.
Reversed.
CROSS, C. J., and WALDEN, J., concur.