239 So.2d 13 (1970)
Henry A. LASKEY and Carlie E. Laskey, Trading and D/B/a Laskey Sales Company, and Robert Alvin Miller, Petitioners,
v.
Lois R. SMITH, As Administratrix of the Estate of Michelle Renee Smith, Deceased, a Minor, Respondent.
Henry A. LASKEY and Carlie E. Laskey, Trading and D/B/a Laskey Sales Company, and Robert Alvin Miller, Petitioners,
v.
Lois R. SMITH, Respondent.
Nos. 38791, 38791.
Supreme Court of Florida.
July 8, 1970.
Rehearing Denied September 21, 1970.
John R. Beranek, of Jones, Adams, Paine & Foster, W. Palm Beach, for petitioners.
Jos. D. Farish, Jr., and Eugene E. Shuey, of Farish & Farish, W. Palm Beach, for respondent.
MANN, District Court Judge.
In this case the trial judge required remittitur in the amount of $21,200, giving the plaintiff the alternative of choosing the $10,000 remaining of her $31,200 verdict or a new trial. The Fourth District Court of Appeal reversed, one judge dissenting,[1] *14 and this court granted certiorari on allegations of conflict with Gresham v. Courson, Fla.App. 1965, 177 So.2d 33, and Burch v. Gilbert, Fla.App. 1963, 148 So.2d 289.
In Gresham v. Courson the plaintiff had agreed to remittitur of $20,000 on a $25,000 verdict based largely on the loss of the child's prospective estate. There it was the defendant who sought further reduction of the award. That decision is not in conflict.
In Burch v. Gilbert, the First District held a $20,000 verdict excessive which included minimal conscious pain and suffering and loss of prospective estate which must, to warrant a present value of $20,000, approximate $200,000 at the end of the deceased child's expected life span.
The petitioners argue that the jury's estimate of the prospective estate of the child whose administrator brought this action would exceed $300,000. This overlooks two factors, however. There is, above all, evidence that the child, who lived 12 days after the accident, suffered pain. There is also evidence that she was unconscious all the while, but the jury believed the plaintiff's testimony on this point. Secondly, there is a difficulty in determining prospective estate in any open society in which the poorest born may the richest die. The permissible range of speculation is broader than it is with life expectancy: the rich man shares the poor man's mortality.
It is true that no proof was adduced of prospective estate. It is difficult to imagine what proof might be offered by the plaintiff administrator to maximize and the defendant to minimize this element of damage which would not clutter our already crowded courts with "experts" predicting what a three-year-old would likely leave behind if she had lived out her normal life span. Allowance of recovery for something so nebulous as an infant's prospective estate is a debatable matter of policy, but it is up to the Legislature to debate it.
A jury's determination of damage is reviewable by the trial judge on precisely the same principles as govern his superintendence of determinations of liability. Mr. Justice Drew stated them clearly in Hodge v. Jacksonville Terminal Company, Fla., 234 So.2d 645, opinion filed April 22, 1970. The record must affirmatively show the impropriety of the verdict or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record.
In other words, the trial judge does not sit as a seventh juror with veto power. His setting aside a verdict must be supported by the record, as in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, or by findings reasonably amenable to judicial review. Not every verdict which raises a judicial eyebrow should shock the judicial conscience.
In its movement toward constancy of principle, the law must permit a reasonable latitude for inconstancy of result in the performance of juries. The trial judge's review of that performance is likewise sustainable within a broad range provided that the record or findings of influence outside it support his determination. The decision of the Fourth District Court of Appeal in this case is compatible with principles of trial court review of jury performance set forth in Hodge v. Jacksonville Terminal Company, supra, and the writ is accordingly discharged.
ERVIN, C.J., and ADKINS and BOYD, JJ., concur.
FRIEDMAN, Circuit Judge, dissents.
NOTES
[1] Smith v. Laskey, Fla.App. 1969, 222 So.2d 773. The District Court unanimously reversed the trial judge's judgment notwithstanding verdict in the wrongful death action. No conflict is alleged and we do not consider this aspect of the case.