WALDEN, Judge
(dissenting):
I politely dissent from that portion of the majority opinion which cancels the jury *698 award of damages in the sum of $15,435.00 and goes on to substitute, via order of re-mittitur, a judicial declaration that the evidence merits only an award of $5,435.00.
The guidelines and limitations upon appellate review in this area are well-known. See 9 Fla.Jur., Damages, § 96 et seq. Suffice it to say that the jury decision here in nowise shocks my judicial conscience and I fail to see a demonstration of error of any calibre or kind, or any legal basis for substituting my views as to the amount of damages. It is this writer’s philosophy and understanding of the law that in such case the weighing of the evidence and the consideration of the nuances arising therefrom should be more comfortably and properly left in the hands of the jury, rather than in the hands of the appellate judges.
Six jurors heard this case and were properly instructed as to the law. They decided that $15,435.00 was a proper award. The presiding trial judge heard the evidence and agreed with the jury when he rejected the defendant’s arguments and requests for a new trial and remittitur. Two judges of this court assayed the evidence from the printed record, then decided that $5,435.00 was a proper award. Being unable and unwilling to so definitively re-try this case, I do respectfully and reluctantly separate from the views of my esteemed brethren here and align with the jurors and the trial judge.
I would affirm the award of damages upon authority of Florida East Coast Railway Company v. Stewart, Fla.App.1962, 140 So.2d 880; Holland Paving Co. v. Dann, Fla.App.1964, 169 So.2d 849; Atlas Properties, Inc. v. Didich, Fla.App.1968, 213 So.2d 278 and Laskey v. Smith, Fla.1970, 239 So.2d 13.