MANN, Judge.
The jury’s verdict was for $316.31, precisely the amount of damage to Merricks’ station wagon. No damages were awarded on account of pain and suffering. Mer-ricks claimed a whiplash injury. Medical testimony about personal injury is grounded on Merricks’ complaints, and the injury is not objectively verifiable, nor can it be conclusively disproved.
The trial judge granted a new trial, with the following explanation given to counsel in a letter, which was appended to the order granting a new trial:
“I have reviewed the authorities cited and have asked the court reporter to read back the testimony at trial in search for contradiction of the Plaintiff’s testimony that he was injured. Dr. Wassell testified that on his March 7 examination of the Plaintiff he ‘couldn’t find anything wrong with him’. However, on cross examination he admitted that soft tissue damage is difficult to find, implying that injury could have occurred on the date of the accident without being demonstrable on March 7, 1972.
“In short, I find no direct contradiction of Plaintiff’s testimony that he was injured. Accordingly, the jury’s verdict which was obviously a compromise should have included the medical expens *37 es of the Plaintiff. For this reason, the verdict was improper and the Plaintiff is entitled to a new trial.”
There is no finding that the jury was improperly influenced by factors which the record would not disclose nor does the record itself show that the verdict is one which could not be found by reasonable jurors.[1] The treating physician had detected, three years before the accident, some slight arthritic symptoms. X-rays were normal before and after. A medical witness for defendant said that he could find nothing wrong with Merricks, and associated objectively verifiable muscle spasm with the typical whiplash injury. Merricks felt fine immediately after the accident. His wife took him that night to the hospital, where he was given medication for pain and a cervical collar. Six days later he consulted a physician.
Injury was a jury question. The legal effect of the trial judge’s order, emphasizing contradiction, is to remove the burden of proof from the plaintiff and place it upon the defendant. The verdict for zero damages for whiplash not objectively verifiable is consistent with Boeck v. Diem[2] and Tejón v. Broome,[3] in which we collected the authorities. The defendant is not obliged to adduce evidence “directly contradicting” the plaintiff’s own testimony. The jurors were not beyond the bounds of reason when they disbelieved the plaintiff’s testimony of pain and suffering, just as they would have been justified in believing it and evaluating it within reason.
Reversed and remanded for entry of judgment on the verdict.
HOBSON, A. C. J., and McNULTY, J., concur.

. Laskey v. Smith, Fla.1970, 239 So.2d 13; Hodge v. Jacksonville Terminal Company, Fla.1970, 234 So.2d 645 ;Cloud v. Fallis, Fla.1959, 110 So.2d 669.

. Fla.App.2d 1971, 245 So.2d 687.

. Fla.App.2d 1972, 261 So.2d 197.