ERVIN, Justice
(dissenting):
This is a conflict certiorari review of the decision of the District Court of Appeal, Third District, in Cohen v. Margoa, Inc., etc., 1973, 281 So.2d 406. Frances Barnett, appellant in the District Court, is now deceased and these proceedings were timely brought by Petitioner Bernard Cohen, Executor of Appellant’s estate.
The crucial question is whether the District Court’s decision affirming a trial judge’s order providing for the remittitur of $7,500 of a jury’s verdict of $25,000 *540 compensatory damages and for the remitti-tur of $25,000 of the same jury’s verdict of $50,000 punitive damages with the alternate proviso that if the order was rejected by the plaintiff (Appellant in the District Court) the case would be retried, conflicted with the following cases: Cloud v. Fallis, Fla.1959, 110 So.2d 669; Price v. Jordan, Fla.App.1959, 115 So.2d 444; Laskey v. Smith, Fla.1970, 239 So.2d 13; Hodge v. Jacksonville Terminal Company, Fla.1970, 234 So.2d 645; Stopko v. Farrington, Fla.App. 1970, 235 So.2d 28; Frazier v. Merricks, Fla.App.1972, 271 So.2d 36, and Willard v. Bowen, Fla.App. 1974, 294 So.2d 696.
It is my opinion the District Court decision conflicts with the rationale of the cited cases as hereinafter explained.
It appears from the District Court’s reported opinion that:
“The plaintiff declined to accede to the remittitur, and appealed.
“The facts, in short summary, were that the plaintiff, who was over 70 years of age, was admitted to a nursing home operated by the defendant Margoa, Inc.; compensation therefor was being paid by the county, with a requirement that the patient endorse and deliver her monthly social security checks to the nursing home, to be applied for her benefit in a certain manner. For some period after admission the plaintiff did not receive her social security checks, and later one addressed to her was received at the nursing home. It was for approximately $1,300. The envelope was opened before delivery to her, and she was requested to endorse the check to the nursing home. The matter was not adequately explained to her. She did not understand the situation, and refused to comply with the request. Thereupon some force was used to obtain a transfer of the item by her. The incident resulted in personality and physical changes, and caused her substantial medical problems.”
The District Court rejected the contention of Appellant that the remittitur order should be reversed because
“it was predicated only on the ground of excessiveness of the verdict, and was not based on grounds such as the verdict was induced by passion or prejudice, or was against the manifest weight of the evidence, or was such as to shock the judicial conscience.”
To this contention the District Court replied :
“Those grounds, had they existed and been so stated by the court, would have been reason to grant a new trial, rather than to order a remittitur.” (Citing De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 399 [sic]) (Emphasis supplied.)
It is my view that later cases to the De La Vallina case — those cited for conflict herein — do not support the distinction made by the District Court. I understand them collectively to mean that regardless of whether the order on the verdict is for a remittitur with the alternative of a new trial if the order is rejected by the plaintiff, or is for a new trial only, the justification or reasons for disturbing the verdict in whole or in part must be made to appear in the trial court’s order in accordance with the rationale of the cited cases as Appellant contended in the District Court.
An inspection of the trial court’s order discloses it ordered the stated remittiturs and the granting of a new trial if the order is rejected by plaintiff without more. No reasons or justification for the order is made to appear therein except the bare statement that it is “upon the ground that the verdicts as returned by the jury are excessive.” There is no finding that the damages awarded were against the manifest weight of the evidence or that there was anything in the record to reflect the jury was improperly motivated by such considerations as passion or prejudice, or that it disregarded the law or that the trial court’s conscience was shocked.
*541 A trial court’s conclusion that a verdict is excessive as a matter of law without an appropriate finding of any of the requisite grounds is legally insufficient to support either an order granting a new trial, or an order granting a new trial upon rejection of a remittitur by plaintiff.
In Laskey v. Smith, supra, a case involving entry of a new trial order conditioned upon rejection of remittitur, this Court stated:
“A jury’s determination of damage is reviewable by the trial judge on precisely the same principles as govern his superintendent of determinations of liability. Mr. Justice Drew stated them clearly in Hodge v. Jacksonville Terminal Company, Fla., 234 So.2d 645, opinion filed April 22, 1970. The record must affirmatively show the impropriety of the verdict or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record.
“In other words, the trial judge does not sit as a seventh juror with veto power. His setting aside a verdict must be supported by the record, as in Cloud v. Fallis, Fla.1959, 110 So.2d 669, or by findings reasonably amenable to judicial review. Not every verdict which raises a judicial eyebrow should shock the judicial conscience.” (239 So.2d at 14)
To further demonstrate the insufficiency of the remittitur order, attention is called to the case of Hodge v. Jacksonville Terminal Company, supra, wherein this Court quoted with approval from Nunberg v. Brodsky, Fla.App.1969, 224 So.2d 727, as follows:
“ ‘The second ground of the order, that the verdict was not “consistent” with the evidence, was insufficient upon which to grant a new trial. The trial court did not find or conclude that the verdicts were against the manifest weight of the evidence, as held in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673. See also Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 So. 274, 276; Burnett v. Soule, 78 Fla. 507, 83 So. 461, 462; Greiper v. Coburn, 139 Fla. 293, 190 So. 902, 904; Hart v. Held, 149 Fla. 33, 5 So.2d 878, 882; Grand Assembly, etc. v. New Amsterdam Casualty Co., Fla.App. 1958, 102 So.2d 842, 846. Those cases reiterate the rule that where the evidence on the issues made is in conflict, and the verdict found thereon is not manifestly against the weight of the evidence, the court will not interfere and set aside the verdict of the jury.’ ” (234 So.2d at 646)
A trial judge should exercise with great caution his power to disturb a jury’s verdict as a matter of law. He should never assume the role of an additional juror. It is only when the trial judge makes a deliberate finding either sua sponte or pursuant to a proper motion that the verdict fails “to comport with the manifest weight of the evidence” or is otherwise improper for reasons outlined in the cases cited for conflict, it is then clear of record that he has not abused his discretion. To take a case away from a jury’s verdict as a matter of law is a serious turn and should only be allowed to stand where the reason is explicitly stated of record and rests upon a proper ground.
Adverting to the facts of this case as recited in this District Court’s opinion, I find no sound basis for its affirmance. It misapplied the De La Vallina case in refusing to follow the contention of the Appellant which tracked the rationale of the cited cases that to disturb the verdict and order a remittitur the court should have “based [its order] on grounds such as the verdict was induced by passion or prejudice, or was against the manifest weight of the evidence [see Cloud v. Fallis, supra] or was such as to shock the judicial conscience”.
My review of the merits as reflected in the record is that the jury from its eviden-tiary findings could have reached the verdict it did without being charged with ex-cessiveness. The compensatory damages *542 appear well within range of Plaintiff’s proofs; and the jury appears to have acted within the reasonable range of its discretion in fixing the amount of punitive damages.
The decision of the District Court should be quashed with direction that on remand an appropriate judgment in conformity with the jury’s verdict be duly entered.
ADKINS, C. J., and McCAIN, J., concur.