MAGER, Judge
(dissenting):
In my humble opinion and with all due respect to my colleagues and the esteemed trial judge, the majority’s per curiam af-firmance directly conflicts with the decisions of the Supreme Court and the appellate courts setting forth those principles upon which a new trial is granted.
The Supreme Court of Florida in Cloud v. Fallis, Fla.1959, 110 So.2d 669, established the general parameters for the trial judge’s exercise of his discretion in granting a new trial, namely “that the verdict is against the manifest weight of the evidence”. Additionally, if the trial judge concludes that “the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the evidence” it is his duty to grant a new trial, Cloud v. Fallis, supra. None of these factors were found by the trial court to exist.
Here, the trial judge granted a new trial on grounds other than those heretofore recognized in Cloud v. Fallis, supra. See also Price v. Jordan, Fla.App.1959, 115 So.2d 444; Laskey v. Smith, Fla.1970, 239 So.2d 13; Stopko v. Farrington, Fla.App. 1970, 235 So.2d 28; Hodge v. Jacksonville Terminal Company, Fla. 1970, 234 So.2d 645; Frazier v. Merricks, Fla.App.1972, 271 So.2d 36; Willard v. Bowen, Fla.App. 1974, 294 So.2d 696; Nunberg v. Brodsky, Fla.App. 1969, 224 So.2d 727. Interestingly, although the motion seeking a new trial alleged among other things that the verdict as to liability and damages was “contrary to the manifest weight of the evidence”, *464 the trial court’s order granting the new trial did not do so on that basis. Instead, the trial court predicated its order on its finding that the verdict as to damages and liability was “contrary to the law’’ and “contrary to the evidence” and that the amount of the verdict “is based on speculation and conjecture”.
It appears that the trial court tacitly rejected the allegations contained in the motion for new trial and did not seek to predicate its granting of a new trial on the basis that the verdict was “contrary to the manifest weight of the evidence” but sought instead to “sit as a seventh juror with veto power”, Laskey v. Smith, supra.
While the trial court’s concern and disagreement with the verdict is readily apparent and fully expressed in the order, the basis upon which the trial court predicated its action does not meet the test of Cloud v. Fallis and its progeny. North Dade Imported Motors v. Brundage Motors, Fla. App.1969, 221 So.2d 170; cf. Cohen v. Margoa, Inc., Supreme Court of Florida, 309 So.2d 539 opinion filed January 22, 1975. Most respectfully, the majority’s per curiam affirmance compounds the error and, therefore, I would reverse the trial court’s order.