PER CURIAM.
This is an appeal from an order granting appellee, defendant below, a new trial after rendition of a $13,000 jury verdict in favor of appellant in a breach of contract action.
The first reason stated by trial court for granting appellee’s motion for new trial was:
“That the verdict is not supported by the evidence presented at the trial.”
This was an insufficient ground upon which to grant a new trial.[1] In Hodge v. Jacksonville Terminal Company, Fla., 234 So.2d 645 (1970), the Supreme Court had before it an order granting a new trial which specifically stated:
“. . . the Court has reached the conclusion that there was no evidence upon which the jury could lawfully have found that the defendant violated the Safety Appliance Act (45 U.S.C., Sec. 9 et seq.) as charged in Count II of the Amended Complaint and that the Court erred in submitting that issue to the jury for determination. . . . ” At p. 647.
The Court in Hodge, in reversing the order granting a new trial, held that more is required than a cursory disposition upon the ground that “the verdict is contrary to the evidence.” In Hodge, as in the present case, the motion for new trial did not allege and the trial judge did not find that the verdict was against “the manifest weight of the evidence.” See also Nunberg v. Brodsky, 224 So.2d 727 (Fla. 3d DCA 1969).
We have considered the other reasons stated by the trial court for granting the motion for new trial and conclude that they also are not legally sufficient.- We hold that the trial court in this case abused its discretion.
*1220 REVERSED and REMANDED with instructions that final judgment be entered in accordance with the jury verdict.
MAGER, C. J., ALDERMAN, J., and STOKES, ROBERT G., Associate Judge, concur.

. The record in this case also reflects that there was in fact sufficient evidence presented at the trial to support the verdict.