363 So.2d 1065 (1978)
CASSAT AVENUE MOBILE HOMES, INC., et al., Petitioners,
v.
August L. BOBENHAUSEN, Respondent.
No. 51736.
Supreme Court of Florida.
June 8, 1978.
Rehearing Denied November 28, 1978.
Donald W. Matthews of Hernandez, Matthews & Watson, Jacksonville, for petitioners.
David C. Goodman, Jacksonville, for respondent.
HATCHETT, Justice.
In this case, a district court of appeal reversed an order of remittitur, entered by the trial court, on the ground that there was competent substantial evidence to support the jury's verdict.[*] That decision directly conflicts with Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), wherein this court (1) rejected the "competent substantial evidence" rule; (2) held that a motion for new trial is directed to the sound discretion of the trial judge; and (3) held that a ruling on such a motion will not be disturbed in the absence of a clear showing of abuse of discretion. Jurisdiction vests pursuant to Article V, Section 3(b)(3), Florida Constitution. We discharge the writ.
In an action for slander, the jury found in favor of respondent and entered a verdict in the amount of $80,000 with $30,000 allocated as compensatory damages and $50,000 as punitive damages. Petitioners, Cassat Avenue Mobile Homes, moved for a new trial, on the grounds that the verdict was excessive and could only be founded on the uncontrolled passion of the jury. The trial judge entered an order of remittitur (in lieu of an order granting new trial) in the amount of $40,000. On appeal, the First District Court reversed, finding that there was competent substantial evidence to support the original verdict.
We agree with petitioners that the First District Court of Appeal applied the wrong standard of review in arriving at its decision. In Cloud v. Fallis, supra, the "substantial evidence" rule was specifically rejected and replaced by the "broad discretion" rule. See also, Laskey v. Smith, 239 So.2d 13 (Fla. 1970), and Hodge v. Jacksonville Terminal Co., 234 So.2d 645 (Fla. 1970). Both rules were recently discussed in this court's decision in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), (opinion filed *1066 April 4, 1978), wherein we held that a trial judge has broad discretion to determine whether or not a verdict is (1) against the manifest weight of the evidence or (2) was influenced by considerations outside the record. We also held that before an alternative order granting a new trial may be entered "either the record must affirmatively show the impropriety of the verdict or there must be an independent determination that the jury was influenced by considerations outside the record" so that effective review is possible.
The order of remittitur entered in this case states only that the verdict was excessive, and it is therefore deficient. The district court was correct in reversing the trial court's order even though reversal was founded on an erroneous standard of review. Accordingly, the writ of certiorari is discharged.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and ALDERMAN, JJ., concur.
OVERTON, C.J., concurs specially with an opinion.
ADKINS, J., concurs in result only.
OVERTON, Chief Justice, specially concurring.
I concur in the result. The test for overturning or remitting an excessive verdict was expressly stated in our recent decision in Bould v. Touchette, 349 So.2d 1181 (Fla. 1977), wherein we stated:
In tort cases damages are to be measured by the jury's discretion. The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. [Citations omitted.] [Emphasis supplied.] Id. at 1184-85.
The record fails to reflect that the trial judge properly applied this test.
I cannot concur with the reference in the majority opinion to Wackenhut v. Canty, 359 So.2d 430 (Fla., opinion filed April 4, 1978), for the reasons expressed in my dissent therein.
NOTES
[*] Bobenhausen v. Cassat Avenue Mobile Homes, Inc., et al., 344 So.2d 279 (Fla. 1st DCA 1977).