374 So.2d 96 (1979)
CHICKEN UNLIMITED, INC., an Illinois Corporation, Appellant,
v.
James A. BOCKOVER, Appellee.
No. 78-1246.
District Court of Appeal of Florida, Second District.
August 22, 1979.
David G. Hanlon and David T. Knight of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Leon J. Greenspan of Greenspan & Jaffe, White Plains, N.Y., Dominic E. Amadio, St. Petersburg, and Harold Brown, Boston, Mass., for appellee.
GRIMES, Chief Judge.
Chicken Unlimited, Inc. appeals from an order granting appellee Bockover a new trial on his claim that Chicken Unlimited was guilty of unfair trade practices.
Chicken Unlimited owns a chain of fast food stores which have fried chicken as their primary menu item. It also sells franchises to independent investors who run the franchises under the Chicken Unlimited name. Sometime in 1974 Mr. Bockover became interested in obtaining a Chicken Unlimited franchise. During July and August he held a series of meetings with representatives of the company at which they discussed this possibility. Ultimately he purchased a company owned store in Seminole, Florida.
Unfortunately for Mr. Bockover, his store was not profitable, and as a result he stopped making payments to Chicken Unlimited on equipment he had purchased under a security agreement. Chicken Unlimited then filed a complaint for replevin. Mr. Bockover answered and filed a counterclaim for damages alleging that Chicken Unlimited had been guilty of (1) unfair and deceptive trade practices as prohibited by Section 501.204, Florida Statutes (1977),[1] (2) intentional misrepresentations in the sale of a franchise as prohibited by Section 817.416, Florida Statutes (1977), and (3) common law fraud.
The parties settled the replevin claim, and the case went to trial solely on Mr. Bockover's counterclaim. After hearing several days of testimony the jury returned a verdict in favor of Chicken Unlimited. The next day Mr. Bockover moved for a new trial and thereafter the trial court entered a detailed written order granting the motion. At the conclusion of its order, the court found that in view of the evidence presented at trial, Chicken Unlimited was *97 guilty as a matter of law of using unfair and deceptive trade practices.
After a careful review of the trial record we have reached the conclusion that the court's finding was in error. Although there was much evidence to support Mr. Bockover's claims, none of that evidence was undisputed. We will not unnecessarily prolong this opinion with a lengthy recitation of the facts. Suffice it to say, there was sufficient competent evidence from which the jury could find that Chicken Unlimited was not guilty of any deceptive or unfair trade practices.
Moreover, even if it could be said that certain of Chicken Unlimited's statements were indisputably misleading, if not false, the jury's verdict is still supportable. Section 501.211(2), Florida Statutes (1977), which gives a person a cause of action against one who violates Section 501.204, reads as follows:
In any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such individual may recover actual damages, plus attorney's fees and court costs as provided in section 501.210; however, no damages, fees or costs shall be recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.
As contrasted to an action brought by an enforcing authority under Section 501.207(1)(a) or (b), this statute makes it clear that a plaintiff seeking damages must show not only that a defendant engaged in unfair or deceptive trade practices but also that those practices caused injury to the plaintiff.
In the present case, there was competent substantial evidence from which the jury could decide that Mr. Bockover knew of the possible falsity of those statements of Chicken Unlimited which he later claimed were misrepresentations. Therefore, the jury was entitled to find that these alleged misrepresentations were not the cause of any damages which Mr. Bockover incurred as a result of his franchise's failure.
In view of what we have said, we reverse and remand with instructions that the court reinstate the jury verdict and enter judgment for Chicken Unlimited.[2]
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] 501.204 Unlawful acts and practices

(1) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
(2) It is the intent of the legislature that in construing subsection (1) of this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), as from time to time amended.
[2] Since the court did not state as a ground for the new trial that the jury's verdict was against the manifest weight of the evidence, we doubt that the broad discretion rule of Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), is applicable. Genie Drywall & Construction, Inc. v. Lyttons, Inc., 340 So.2d 1219 (Fla. 4th DCA 1976). Assuming, however, for the sake of argument that this ground was necessarily comprehended within the court's findings, we would still be inclined to reverse because it appears to us that the conflict in the evidence was of such a nature as to preclude a finding that the verdict was against the manifest weight of the evidence. Cf. Tye v. Ruark, 179 So.2d 612 (Fla. 2d DCA 1965), in which this court held that the trial judge had abused his discretion in granting a new trial on grounds that the verdict was against the manifest weight of the evidence.