ROBERT P. SMITH, Jr., Judge.
We affirm the trial court’s order for a new trial in this case, which, as Chief Judge Mills’ dissenting opinion reveals, hangs on a causation question. The trial court’s new trial order summarizes plaintiffs' theory at trial:
The plaintiffs’ case is constructed upon the theory that heat escaped from the heat exchanger and came to bear upon metal clips on the inside of the exterior cover of the furnace and that such heat was then transmitted through the clips to the point of weld or attachment of the clips to the outside cover and that this heat then ignited combustible material in the vicinity of the heater which thus led to the fire which destroyed the plaintiffs’ property.
Disregarding all conflicting theories of how the house was set afire, and taking at face value plaintiffs’ expert testimony which traced extremely high temperatures through a crack in the heat exchanger to the space enclosed by an insulated cover, and through the surface of the cover via metal clips which held the insulation in place, the trial judge found no evidence that combustible material outside the furnace was sufficiently close to the (assumed) superheated metal clips to burst into flame.
While the Chief Judge’s dissent is a model of persuasion, suggesting as it does that sufficient heat (no flame) rose from the exterior surface of the small metal clips to ignite the wooden floor joists from which the furnace was hung, several inches away, this rather obvious possibility seems to have escaped plaintiffs’ experts. At least, they did not mention it in their testimony. That being so, plaintiffs were unable to persuade Judge Hartwell that other, nearer combustible material, which was not evidenced in any way except by its necessity to complete the logical chain of plaintiffs’ causation theory, first ignited. The absence of that evidence, and the experts’ failure to hypothesize even a nearby scrap of paper, sufficiently lasting in ignition capabilities to have transmitted fire elsewhere before being itself consumed, no doubt left the trial judge unsatisfied, for clearly articulated reasons, with the verdict.
In these circumstances, though a reading of the record might nearly persuade us of the merit in plaintiffs’ case, our duty is to sustain the trial court in its exercise of discretion to grant a new trial. Cassat Avenue Mobile Homes, Inc., v. Bobenhausen, 363 So.2d 1065 (Fla.1978).
AFFIRMED.
WENTWORTH, J., concurs.
MILLS, C. J., dissents, with opinion.