DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS,**
Appellant,

v.

**JOSEPH JAMES BILOTTI, JR., LAURA LYNN HESS, RALPH JOSEPH CONSIGLIO, GARY ROBILLARD RAHIM JAMAL WEST, TIMOTHY JOHN HEALY, STAY HOME, INC., WILLIAM BERGER & ASSOC.'S, P.A., HOME DEFENSE LAW FIRM, P.A., HOME DEFENSE TEAM, P.A., NATIONWIDE FORECLOSURE DEFENSE, P.A. SOUTHEAST BILLING, INC., d/b/a HOME DEFENSE TEAM, ZOHAR BILLINGS, INC, TAX RESCUE FIRM, INC.,**
Appellees.

No. 4D18-1645

[February 20, 2019]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502015CA005112XXXXMB.

Ashley B. Moody, Attorney General, Amit Agarwal, Solicitor General, and Jordan Pratt, Deputy Solicitor General, Tallahassee, and Sarah Shullman, Chief Assistant Attorney General, and Howard Dargan, Senior Assistant Attorney General, West Palm Beach, for appellant.

Robyn L. Sztyndor of RLS Law, P.A., and Crane A. Johnstone of Johnstone Law PA, Fort Lauderdale, for appellees.

FORST, J.

The Office of the Attorney General, Department of Legal Affairs (AG), appeals the trial court's nonfinal order granting appellees', Joseph James Bilotti, et al., motion to dissolve a temporary injunction. We reverse and remand to reinstate the temporary injunction and asset freeze and clarify that *Outreach Housing, LLC v. Office of the Attorney General, Department of Legal Affairs*, 221 So. 3d 691 (Fla. 4th DCA 2017), does not require the

AG to plead "actual damages" to get injunctive relief under section 501.207(1)(b), Florida Statutes (2018).

## Background

The AG filed a complaint against appellees pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), section 501.207(1)(b), Florida Statutes, seeking injunctive relief, restitution, civil penalties, and other equitable relief. The AG alleged fraudulent and deceptive acts by appellees in collecting millions of dollars in up-front legal fees from delinquent home-loan borrowers for loan modifications and foreclosure rescue services. This was allegedly accomplished through appellees teaming up with disbarred lawyers to form a fake law firm and deceiving customers into paying legal fees for services performed by non-lawyers. This entity allegedly failed to accomplish the results promised to consumers and instead dug them into even deeper financial holes.

The AG moved for temporary injunctive relief and an order freezing assets pursuant to FDUTPA, which the trial court granted. The trial court found that the affidavits and accompanying exhibits submitted in support of the AG's motion established that the AG "has a substantial likelihood of success on the merits of its allegations that the acts and practices [of appellees] were likely to deceive a consumer acting reasonably, and did in fact deceive consumers acting reasonably, in direct violation of FDUTPA."

Appellees filed a motion to dissolve the temporary injunction, arguing that the AG was required, but failed, to plead "actual damages." The trial court granted the motion and dissolved the temporary injunction, stating that the AG could not bring an action solely for an injunction under section 501.207(1)(b) without pleading "actual damages." The trial court relied solely on the statement, made by this Court in *Outreach Housing, LLC*, 221 So. 3d at 697, that "[a]ctual damages are an essential element of a FDUTPA claim."

## Analysis

"A trial court's ruling on a motion for temporary injunction is presumed correct and will be reversed only upon a showing of a clear abuse of discretion or clearly improper ruling." *E-Racer Tech, LLC v. Office of Attorney Gen., Dep't of Legal Affairs,* 198 So. 3d 1107, 1109 (Fla. 4th DCA 2016) (citation and internal quotation marks omitted).

We accept the AG's argument that subparagraph (1)(b) of section 501.207 does not require an enforcing authority to plead "actual damages"

in an action seeking injunctive and other equitable relief. Section 501.207(1)(b) allows an enforcing authority to bring an action to "enjoin any person who has violated, is violating, or otherwise likely to violate" FDUTPA. The enforcing authority's sole burden in establishing its right to a temporary injunction under the statute, is to establish that it has a clear legal right to a temporary injunction by demonstrating a substantial likelihood of success on the merits. *E-Racer Tech, LLC*, 198 So. 3d at 1110 ("The AG does not have to establish irreparable harm, lack of an adequate legal remedy, or public interest as ordinarily required for a temporary injunction," but instead need only "demonstrate a substantial likelihood of success on the merits."); *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Attorney Gen.*, 761 So. 2d 1256, 1260 (Fla. 3d DCA 2000) ("[B]ecause section 501.207(1)(b) expressly authorizes the Department to seek injunctive relief on behalf of the state, . . . [t]he Department's sole burden at a temporary injunction hearing under FDUTPA is to establish that it has a clear legal right to a temporary injunction.").

To establish a substantial likelihood of success on the merits, the AG must show that "the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Office of Attorney Gen., Dep't of Legal Affairs v. Wyndham Intern., Inc.*, 869 So. 2d 592, 598 (Fla. 1st DCA 2004). Therefore, regardless of whether actual harm has materialized, the AG can seek an injunction to stop an unfair and deceptive trade practice that violates FDUTPA.

The AG correctly points out that *Outreach Housing* is distinguishable and inapplicable here. In that case, the AG filed a complaint for violations of FDUTPA seeking to recover the actual damages suffered by consumers pursuant to section 501.207(1)(c), Florida Statutes (2008). *See Outreach Housing*, 221 So. 3d at 693. Only when an enforcing authority is seeking recovery of actual damages under subparagraph (1)(c), or a private individual is seeking recovery of consumers' actual damages—as opposed to injunctive relief—is that party required to plead and prove "actual damages." *Id.*; *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 4th DCA 2017) (holding that a private individual seeking a consumer claim for damages under FDUTPA has to prove actual damages); *Chicken Unlimited, Inc. v. Bockover*, 374 So. 2d 96, 97 (Fla. 2d DCA 1979) (holding that a plaintiff seeking actual damages under FDUTPA must show that a defendant engaged in unfair or deceptive trade practices and that those practices caused injury to the plaintiff). Here, the AG was seeking relief under subparagraph (1)(b), not (1)(c), of section 501.207; thus, *Outreach Housing* is not applicable to the instant case.

## Conclusion

Because the trial court found that the AG met its burden entitling it to injunctive relief by showing a substantial likelihood of success on the merits of its underlying claim, the temporary injunction and asset freeze were improperly dissolved. We reinstate the temporary injunction and asset freeze.

*Reversed and remanded.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4