MILLS, Judge.
Lucas brought suit against Koch to recover minimum wages and overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201 et seq. Koch answered denying liability and asserting that Lucas was exempt from the overtime provisions of the Act because he was employed in a bona fide executive capacity. A jury found in favor of Koch and Lucas appeals from the adverse judgment contending the trial court erred in denying his motion for a directed verdict and in denying his motion for judgment notwithstanding the verdict.
Lucas was employed by Koch as a service station manager from 2 January 1973 to 22 August 1975 at a weekly salary of $172.89 to $209.10. Cash shortages, improper credit card charges and bank deposit errors were deducted from his salary. The shortages were deducted in accordance with a “Shortage Agreement” entered into by Lucas and Koch at the time of his employment. The agreement provided that:
“In consideration of the individual and mutual promises and agreements involved in the employment agreement between the Employee and Company, I agree that if any shortage of money or merchandise occurs during my period of employment for which I am responsible or which is caused by me, I will immediately repay to the Company the amount of such money or value of such merchandise, and failing to do so, I hereby autho *196 rize the Company to deduct such money or the value of merchandise from my next paycheck or paychecks until it is fully paid. If any shortage cannot be traced by Company to the responsible individual, I hereby agree to share responsibility with the other employees on my shift and authorize the Company to deduct a pro rata share from my paycheck or paychecks.”
The evidence was conflicting as to whether Lucas was reimbursed by fellow employees for their shortages. Cash overages were credited to his salary.
Lucas regularly worked over 40 hours a week, usually working about 51 hours. He was never paid overtime compensation.
Lucas was in sole charge of the service station to which he was assigned. His primary duty was management. He received his weekly compensation without regard to the number of hours he worked. He usually directed the work of two or more employees and had authority to hire and fire employees under his management. Lucas was in charge of the service station activities and was not subject to direct supervision.
At the conclusion of all the evidence, Lucas moved for a directed verdict on the grounds that the evidence showed that Koch did not guarantee Lucas the minimum weekly salary required by the Code of Federal Regulations and that the “Shortage Agreement” subjected Lucas’ salary to deductions which violated the Code. Lucas’ motion for judgment notwithstanding the verdict alleged that the evidence did not show that Lucas was an executive employee. The trial court denied both motions.
Pursuant to a pretrial stipulation, it was agreed that Koch was an enterprise covered by the Act and that Lucas, unless an exempt executive employee, would be entitled to overtime pay and minimum wages.
An executive employee is an employee whose primary duty consists of the management of the enterprise in which he is employed or a customarily recognized department thereof; and who customarily and regularly directs the work of two or more employees therein; and who has the authority to hire or fire other employees; and who customarily and regularly exercises discretionary powers; and who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours of work in the work week to activities which are hot directly and closely related to the performance of the work described above; and through March 1975 was compensated for his services on a salary basis of not less than $125 per week and thereafter was compensated for his services on a salary basis of not less than $155 per week. Title 29, Code of Federal Regulations, Section 541.1.
Through March 1975, compensation on a salary basis at a rate of not less than $125 per week, and thereafter compensation on a salary basis at a rate of not less than $155 per week, were required for exemption as an executive. Title 29, Code of Federal Regulations, Section 541.117(a).
An employee is considered paid on a salary basis if under his employment agreement he regularly receives each pay period on a weekly basis a predetermined amount constituting his compensation which is not subject to reductions because of variations in the quality or quantity of the work performed. Title 29, Code of Federal Regulations, Section 541.118(a). Subsections (1) through (5) set forth when deductions may and may not be made. Subsection (6) provides that the effect of making a deduction which is not permitted depends upon the facts in the particular case. Where a deduction not permitted is inadvertent, the exemption will not be lost if the employer reimburses the employee for such deductions and promises to comply in the future.
Lucas contends that the deductions Koch made from his salary were impermissible, that Koch did not reimburse him for the deductions and that his salary was subject to reduction because of variations in the quality of his work, therefore, Koch lost its executive employee exemption.
*197 Subsections (1) through (5) of Section 541.117 set forth deductions that may and may not be made. Deductions for cash shortages, improper credit card charges and bank deposit errors are not listed as permissible or impermissible. The deductions mentioned in subsections (1) through (5) as permissible or impermissible are not intended to be all inclusive. This is supported by subsection (6) which provides that the effect of making a deduction which is not permitted under subsections (1) and (5) will depend upon the facts in the particular case. Under the facts in this case, the trial court properly submitted this issue to the jury.
In making his motions for a directed verdict and for judgment notwithstanding the verdict, Lucas did not urge as a ground that Koch did not reimburse him for the deductions. Nor has Lucas urged before us that the trial court erred in giving the jury an instruction which stated:
“If you believe that the plaintiff obtained funds from his employees to recover the deduction made against the plaintiff, then may you not consider the deduction as affecting the gross weekly payment received by the plaintiff.”
Under these circumstances, Lucas’ contention is without merit.
Lucas contends that as a matter of law his salary was subject to reduction because of variations in the quality of his work. He argues that his salary was subject to reduction by the “Shortage Agreement” and that his salary was reduced by deductions Koch made because of cash shortages of other employees. Koch responds that it paid Lucas a predetermined amount, that Lucas recouped from the responsible employees the deductions it made from his salary and that the deductions had nothing to do with the quality of Lucas’ work. In our judgment, these facts raise a dispute which was properly submitted to the jury. In this posture, the trial court, without objection, instructed the jury:
“You are instructed that an employee will be considered to be paid on a salary basis if under his employment agreement he regularly receives each payday a predetermined amount which is not subject to reduction because of variations in the quality or the quantity of the work performed.”
On motion for a directed verdict, as well as on motion for judgment notwithstanding the verdict, the truth of all the facts in evidence most favorable to the party moved against must be admitted, as well as every conclusion or inference that can be reasonably drawn from those facts. On motion for a directed verdict, if the evidence is conflicting or if different conclusions or inferences can be drawn, the motion must be denied. On motion for judgment notwithstanding the verdict, if there is room for differences among reasonable men as to the existence of a material fact sought to be established or as to a material inference which might be drawn from established facts, the verdict for the party moved against must be affirmed. Smith v. Peninsular Ins. Co., 181 So.2d 212 (Fla. 1st DCA 1965).
The judgment appealed is affirmed. Appellant’s petition for attorney’s fees is denied.
BOYER, J., and WALLACE M. JOP-LING, Associate Judge, concur.