MILLS, Chief Judge,
dissenting:
I would reverse the order of new trial. The court erred in its conclusion that the jury verdict was not supported by sufficient evidence.
The Yates’ home burned down, and they brought an action against the manufacturer of their furnace (Tappan) and the local company which serviced the furnace (Patterson Heating). The jury found Tappan to be 75% negligent, Patterson Heating, 25% negligent. However, upon motion for new trial and for judgment notwithstanding the verdict, the judge awarded the defendants a new trial, stating in his order:
[Tjhere was no testimony in this record which would indicate, other than by pure *1285 conjecture on the part of the jury, that there was any combustible material in the vicinity of the heater. In order to support the plaintiff’s theory, it was necessary for the jury to engage in speculation and conjecture. . . .
Testimony established that the Yates’ house consisted of wood frame built on a cement block foundation. The floor was nailed to the top edges of boards which ran wall-to-wall at the level of the foundation, and the furnace had been suspended under the floor from these joists. Evidence indicated the fire started in the vicinity of the furnace: a fire reconstruction expert and a fire department captain both testified that the furnace appeared to be in the center of the fire pattern. The fire reconstruction expert also said “there was burning underneath the floor ... predominantly in the area surrounding the furnace.”
Based upon the testimony of several expert witnesses, the judge found in his order that a crack in an interior chamber of the furnace permitted flame and extreme heat to escape into the outermost chamber of the furnace. There was also testimony that the aluminum inside the furnace’s exterior wall had melted, indicating a temperature hotter than 1200 °. The fire reconstruction expert stated “there could be a hot spot there that, in my opinion, could ignite combustibles on the outside of the furnace,” and he said that wood is a combustible material which may have an “auto-ignition temperature” as low as 400 ° or 500 °.
Clearly the judge’s order was incorrect, that there was no testimony regarding the presence of combustible material in the vicinity of the furnace. The jurors were told that the furnace was suspended from wood joists and that wood is a combustible material.
Contrary to the position of the majority opinion, there is no “necessity to complete the logical chain of plaintiff’s causation theory,” in order to withstand a motion for judgment notwithstanding the verdict. For purposes of a motion for JNOV, the moving party admits the truth of all facts in evidence most favorable to the party moved against as well as every conclusion or inference that can be reasonably drawn from those facts. Lucas v. Koch Marketing Company, 361 So.2d 194 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1370 (Fla.1979), cert. denied, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1980). Considering the evidence in the light most favorable to the plaintiffs in this case, the jury could have reasonably inferred that the unusual and extreme heat emanating from the furnace started the fire.
A judge may order a new trial if the verdict is against the manifest weight of the evidence, or the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Cloud v. Fallis, 110 So.2d 669 (Fla.1956); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). The record must demonstrate the impropriety of the verdict or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record. Wackenhut at 435, citing Laskey v. Smith, 239 So.2d 13, 14 (Fla.1970).
As the majority opinion points out, the evidence established “the rather obvious possibility” that exposure to the furnace’s extreme heat over a period of time may have caused the joists to catch fire. Because the order does not mention any extra-record influences, there is no indication the jury was deceived as to the force and credibility of the evidence, and the verdict was not contrary to the manifest weight of the evidence, I would reverse.